# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CORINNE LINDFORS,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>        Defendant. | Case No. 3:20-cv-00178-SLG |

## ORDER RE MOTION TO REMAND

Before the Court at Docket 11 is Plaintiff Corinne Lindfors' Motion to Remand. Defendant State Farm Mutual Automobile Insurance Co. responded in opposition at Docket 15. Plaintiff replied at Docket 20. Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

As alleged in the complaint, Plaintiff was covered by three automobile insurance policies from Defendant.[1] On January 15, 2019, Plaintiff was in a car accident as a result of which she suffered bodily injury and received medical treatment.[2] Plaintiff filed uninsured motorist/underinsured motorist claims with Defendant, who determined that Plaintiff's total claim value for injuries and

---

[1] Docket 1-1 at 2, ¶ 5 (Complaint).

[2] Docket 1-1 at 4–5, ¶¶ 11–14.

damages was $152,874.12 and offered Plaintiff a check for $77,874.12.[3] On June 15, 2020, Plaintiff initiated an action against Defendant in the Superior Court for the State of Alaska.[4] Plaintiff states three causes of action against Defendant including breach of contract, breach of fiduciary duty, and breach of the covenant of good faith and fair dealing.[5] She seeks "compensatory damages in an amount exceeding the Court's jurisdictional minimum of $100,000," punitive damages, consequential breach of contract damages, interest, attorneys' fees and taxable costs, as well as such further relief the Court deems just.[6] On July 24, 2020, Defendant removed the matter to this Court, invoking the Court's jurisdiction under 28 U.S.C. § 1332(a).[7] On August 24, 2020, Plaintiff filed the instant motion to remand to state court.[8]

## LEGAL STANDARD

"A defendant generally may remove an action filed in state court if a federal district court would have had original jurisdiction over the action."[9] "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt

---

[3] Docket 1-1 at 7, ¶ 20.

[4] Docket 1-1; *see* Case No. 3AN-20-06589.

[5] Docket 1-1 at 11–16 ¶¶ 29–61.

[6] Docket 1-1 at 16–17.

[7] Docket 1.

[8] Docket 11.

[9] *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018) (citing 28 U.S.C. § 1441(a)).

Case No. 3:20-cv-00178, *Lindfors v. State Farm Mutual Auto. Ins. Co.*
Order re Motion to Remand
Page 2 of 14
Case 3:20-cv-00178-SLG   Document 23   Filed 10/20/20   Page 2 of 14

by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."[10]

## DISCUSSION

Plaintiff moves to remand to state court alleging that (a) this Court lacks subject matter jurisdiction, (b) Defendant has not established that the notice of removal was timely, and (c) Plaintiff's election to file suit in state court is binding on Defendant under the terms of each of the insurance policies. The Court addresses each basis for remand in turn.

### A. Subject Matter Jurisdiction

Plaintiff contends that this Court lacks jurisdiction over the instant matter because Defendant has not alleged that the amount in controversy exceeds $75,000 as required for diversity jurisdiction.[11] Specifically, Plaintiff notes that Defendant has previously alleged that Plaintiff's total claim value is $152,874.12 and has tendered a check of $77,874.12 to Plaintiff, leaving only $75,000 in dispute.[12] Plaintiff contends that Defendant's "'payment' affirmative defense 'offset' claim" precludes it from establishing the amount in controversy necessary for removal.[13] She acknowledges that the complaint she filed in state court seeks

---

[10] 28 U.S.C. § 1446(b)(1).

[11] Docket 11 at 7.

[12] Docket 11 at 7.

[13] Docket 11 at 11–12.

Case No. 3:20-cv-00178, *Lindfors v. State Farm Mutual Auto. Ins. Co.*
Order re Motion to Remand
Page 3 of 14

Case 3:20-cv-00178-SLG   Document 23   Filed 10/20/20   Page 3 of 14

damages in excess of the Superior Court's "jurisdictional minimum of $100,000," but contends that this allegation is not sufficient for Defendant to establish removal jurisdiction.[14] Plaintiff reasons that if this were true, "every superior court claim in Alaska would automatically support federal court removal jurisdiction."[15] Plaintiff cites to the Ninth Circuit's opinion in *Gaus v. Miles, Inc.* as recognizing that where "'the amount in controversy is in doubt,' there is a 'sharp distinction between original jurisdiction and removal jurisdiction'" and the defendant must support the allegations of jurisdictional facts "by competent proof."[16]

Defendant responds that it is well established that federal courts look to the allegations of the complaint to determine whether the amount in controversy exceeds $75,000.[17] It cites to the Ninth Circuit's decision in *Guglielmino v. McKee Foods Corporation* as explaining that "when a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount."[18] Defendant emphasizes that, here, Plaintiff's complaint specifically seeks "compensatory damages in an amount exceeding the Court's jurisdictional minimum of $100,000"

---

[14] Docket 11 at 10.

[15] Docket 11 at 10–11.

[16] Docket 20 at 11 (quoting *Gaus*, 980 F.2d 564, 567 (9th Cir. 1992)).

[17] Docket 15 at 4.

[18] Docket 15 at 5–6 (quoting *Guglielmino*, 506 F.3d 696, 699 (9th Cir. 2007)).

Case No. 3:20-cv-00178, *Lindfors v. State Farm Mutual Auto. Ins. Co.*
Order re Motion to Remand
Page 4 of 14
Case 3:20-cv-00178-SLG   Document 23   Filed 10/20/20   Page 4 of 14

as well as consequential and punitive damages.[19] Defendant also points to Plaintiff's settlement demand letter prior to suit as demonstrating the amount in controversy exceeds $75,000.[20] Defendant adds that it would only bear the burden of establishing the amount in controversy if the complaint did not clearly allege an amount in controversy, which is not the case here,[21] and contends that courts "do not look to whatever defenses a defendant may have to the claims at issue in determining the amount in controversy."[22]

Plaintiff replies that by attaching her settlement letter to its brief, Defendant "*necessarily* ask[s] this Court to find that [Plaintiff's] May 12, 2020 demand letter 'reflects a reasonable estimate of the Plaintiff's claims.'"[23] Plaintiff requests that if the Court denies her motion to remand, it include language that the "demand letter reflects a reasonable estimate of Plaintiff's claims, in satisfaction of State Farm's burden to prove" the amount in controversy requirement.[24]

Federal district courts have original jurisdiction over all civil actions where (1) the matter in controversy exceeds the sum or value of $75,000 (exclusive of

---

[19] Docket 15 at 6 (quoting Docket 1-1 at 16).

[20] Docket 15 at 7, n.15 (citing Docket 16-3).

[21] Docket 15 at 4–5.

[22] Docket 15 at 7 (citing *Scherer v. Equitable Life Assur. Soc'y of the United States*, 347 F.3d 394, 397 (2d Cir. 2003)).

[23] Docket 20 at 13 (emphasis in original) (quoting *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 885 (9th Cir. 2010) and collecting additional cases)).

[24] Docket 20 at 14.

Case No. 3:20-cv-00178, *Lindfors v. State Farm Mutual Auto. Ins. Co.*
Order re Motion to Remand
Page 5 of 14
Case 3:20-cv-00178-SLG   Document 23   Filed 10/20/20   Page 5 of 14

interest and costs), and (2) the matter is between citizens of different states.[25] The parties do not dispute that they are citizens of different states, and the Court finds the diversity requirement is satisfied.[26] Accordingly, the only jurisdictional issue is whether the amount-in-controversy requirement is met.

The Ninth Circuit has "identified at least three different burdens of proof which might be placed on a removing defendant under varying circumstances" relating to the amount in controversy.[27] Applicable here is "when a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold."[28] In such cases, the amount-in-controversy "requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount."[29] On its face, Plaintiff's state

---

[25] 28 U.S.C. § 1332(a).

[26] Plaintiff alleges she is a resident of Alaska, Docket 1-1 at 1, and Defendant represents that it is organized under the laws of Illinois, with its principal place of business in Illinois. Docket 1 at 2–3, ¶ 5.

[27] *Guglielmino*, 506 F.3d at 699.

[28] *Id.*

[29] *Id.* at 699. In *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288–290 (1938), the Supreme Court described the test as follows:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit

Case No. 3:20-cv-00178, *Lindfors v. State Farm Mutual Auto. Ins. Co.*
Order re Motion to Remand
Page 6 of 14
Case 3:20-cv-00178-SLG   Document 23   Filed 10/20/20   Page 6 of 14

court complaint alleges over $100,000 in compensatory damages. Accordingly, the amount in controversy requirement is presumptively satisfied absent a 'legal certainty' that Plaintiff cannot recover that amount. Neither party has alleged that it is a legal certainty that Plaintiff cannot recover more than $75,000 should she prevail, nor does the Court find such certainty exists.[30]

Because the amount-in-controversy and diversity requirements of 28 U.S.C. § 1332 are both satisfied, the Court has subject matter jurisdiction over this matter.

**B.     Timeliness**

Plaintiff contends that Defendant has not met its burden of establishing timely removal.[31] Plaintiff contends that although Defendant's notice of removal represents that service of the summons was accomplished through the Alaska Division of Insurance "on or about June 30, 2020," Defendant's counsel was aware of the lawsuit on the date it was filed, June 15, 2020, and thus its July 24, 2020 Notice of Removal is untimely.[32] Plaintiff adds that pursuant to Alaska Statute 21.09.190, "[p]rocess served upon the director [of insurance] and the copy forwarded . . . constitutes service upon the insurer,"[33] and that she served the

---

will be dismissed.

[30] The Court did not rely on Plaintiff's settlement demand letter in evaluating jurisdiction, and therefore will not address Plaintiff's arguments about the implications of the demand letter.

[31] Docket 11 at 13.

[32] Docket 11 at 13 (quoting Docket 1 at 2). Plaintiff adds that the Notice of Removal was not filed until July 24, 2020, even though it was signed on July 22, 2020. Docket 11 at 13–14.

[33] Docket 11 at 14 (quoting AS 21.09.190(b)).

Case No. 3:20-cv-00178, *Lindfors v. State Farm Mutual Auto. Ins. Co.*
Order re Motion to Remand
Page 7 of 14
Case 3:20-cv-00178-SLG   Document 23   Filed 10/20/20   Page 7 of 14

Director of Insurance via certified mail on June 16, 2020.[34] Finally, Plaintiff cites the Ninth Circuit's opinion in *Anderson v. State Farm Mutual Automobile Insurance Company* for its holding that "actual receipt" of the initial pleading "started the removal clock," maintaining that Defendant's actual receipt of the complaint before June 30, 2020 should be investigated.[35]

Defendant responds that it was served through the Alaska Division of Insurance on June 30, 2020, and received the complaint on July 6, 2020, and thus, its July 24, 2020 notice of removal was timely.[36] Defendant cites to the Supreme Court's opinion in *Murphy Brothers v. Michetti Pipe Stringing* as holding that the period for removal does not begin running until a party is summoned *and* receives a copy of the complaint simultaneous with or after service of the summons.[37]

In her reply, Plaintiff contends that there is "a genuine issue of material fact as to whether State Farm had actual receipt of [the] initial pleading on or after June 15, 2020."[38] Plaintiff maintains that the affidavit filed with the opposition does not address whether the insurer had earlier notice through counsel.[39]

---

[34] Docket 11 at 14.

[35] Docket 11 at 15 (quoting *Anderson*, 917 F.3d 1126 (9th Cir. 2019)).

[36] Docket 15 at 2–3. Defendant adds that it never received a courtesy copy of the complaint from Plaintiff's counsel. Docket 15 at 3 (citing Docket 19).

[37] Docket 15 at 2–3 (citing *Murphy Bros.*, 526 U.S. 344 (1999).

[38] Docket 20 at 16.

[39] Docket 20 at 17.

Case No. 3:20-cv-00178, *Lindfors v. State Farm Mutual Auto. Ins. Co.*
Order re Motion to Remand
Page 8 of 14
Case 3:20-cv-00178-SLG   Document 23   Filed 10/20/20   Page 8 of 14

As required by statute, the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."[40] The Supreme Court interpreted this provision of the removal statute in *Murphy Brothers v. Michetti Pipe Stringing*, holding that a "defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."[41] Thus, the clock does not begin to run on the notice of removal until the defendant has received both the summons—as "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons"—and the complaint, so as to know what the suit is about.[42]

In the instant case, Plaintiff served process on the Director of the Alaska Division of Insurance as prescribed by Alaska law, which requires any insurer operating in the state to appoint the Director to receive service on its behalf.[43] The Director of Insurance is then required to forward the summons and complaint to

---

[40] 28 U.S.C. § 1446(b)(1).

[41] 526 U.S. 344, 347–48 (1999) (emphasis added).

[42] *Id.* at 350, 352.

[43] *See* AS 21.09.180 and AS 21.09.190.

Case No. 3:20-cv-00178, *Lindfors v. State Farm Mutual Auto. Ins. Co.*
Order re Motion to Remand
Page 9 of 14
Case 3:20-cv-00178-SLG   Document 23   Filed 10/20/20   Page 9 of 14

the insurer by certified mail.[44]  This scenario—where a plaintiff serves a statutorily designated agent—was not covered in *Murphy Brothers,* which "addressed *what* must be received, not *who* must receive it."[45]  However, in *Anderson v. State Farm Mutual Automobile Insurance Company*, the Ninth Circuit addressed the latter question, ultimately holding that the "thirty-day removal clock under 28 U.S.C. § 1446(b)(1) does not begin upon service on and receipt by a statutorily designated agent" but only when the defendant "actually received the [Plaintiff's] complaint."[46]

With this framework in mind, the Court turns to the facts here.  Defendant has provided a certificate of service prepared by the Division of Insurance indicating that the Director of Insurance was served with the summons and complaint on June 30, 2020, and subsequently forwarded the documents to Defendant by certified mail.[47]  Counsel's affidavit states that Defendant "actually received a copy of the summons and complaint on July 6, 2020."[48]  The Court concludes that under *Murphy Brothers* and *Anderson*, the 30-day removal clock began on July 6, 2020, when Defendant actually received the summons and complaint.

---

[44] AS 21.09.190.

[45] *Anderson*, 917 F.3d at 1130 (emphases in original).

[46] *Id.*

[47] Docket 16-1 at 2.

[48] Docket 19-1 at 2, ¶ 3.

Case No. 3:20-cv-00178, *Lindfors v. State Farm Mutual Auto. Ins. Co.*
Order re Motion to Remand
Page 10 of 14

Plaintiff posits that Defendant's counsel "knew as early as June 15, 2020 of State Farm being sued."[49] But even assuming State Farm did earlier procure a copy of the complaint, the 30-day time frame in the removal statute does not begin to run until a defendant has a copy of the complaint *and* the summons. Plaintiff does not allege, and the record does not indicate, that Defendant was served with a summons prior to service by the Director of the Division of Insurance.

Because Defendant filed the Notice of Removal within 30 days of July 6, 2020, the notice was timely.

### C. The terms of the insurance policy

Plaintiff contends that under Alaska law, insurance policy terms are "read to achieve the insured's 'reasonable expectations,'"[50] and that her insurance policies provide that Plaintiff can choose whether to proceed in state or federal court.[51] The relevant policy language states that "the insured shall . . . file a lawsuit, in a state or federal court that has jurisdiction, against" State Farm.[52] Plaintiff contends that an insured could reasonably expect the policy's language to mean that she would have her choice of forum[53] and not expect to be subjected to the additional time

---

[49] Docket 11 at 13.

[50] Docket 11 at 16 (quoting *State Farm Mut. Auto. Ins. Co. v. Dowdy*, 192 P.3d 994, 998 (Alaska 2008)).

[51] Docket 11 at 17.

[52] Docket 11-1 at 18.

[53] Docket 11 at 18.

Case No. 3:20-cv-00178, *Lindfors v. State Farm Mutual Auto. Ins. Co.*
Order re Motion to Remand
Page 11 of 14
Case 3:20-cv-00178-SLG   Document 23   Filed 10/20/20   Page 11 of 14

and expense associated with removal to federal court.[54] Plaintiff reasons that Defendant could have written the policies to preserve its right to litigate in federal court, but instead opted for language that allows the insured to file suit in a venue of her choice.[55] Plaintiff maintains that the phrase "in a state or federal court that has jurisdiction" must be given meaning since language requiring a plaintiff to file a lawsuit would have sufficed if the language was only intended to dictate the type of resolution available.[56] She adds that Defendant could have initiated its own lawsuit for declaratory judgment in federal court to resolve the parties' dispute about coverage but did not do so.[57]

Defendant responds that interpretation of a forum selection clause is a procedural issue governed by federal law in diversity cases.[58] It contends that district courts in the Ninth Circuit and elsewhere have rejected arguments like Plaintiff's that similar or identical insurance policy provisions foreclose removal from state court.[59] Among others, Defendant cites to the district court's decision in *Craker v. State Farm Mutual Automobile Insurance Company,* which held that

---

[54] Docket 11 at 18; Docket 20 at 2.

[55] Docket 11 at 17.

[56] Docket 20 at 5.

[57] Docket 11 at 19 (citing *McDonnell v. State Farm Mut. Auto. Ins. Co.*, 299 P.3d 715, 728 (Alaska 2013)).

[58] Docket 15 at 8 (citing *Manetti-Farrow v. Gucci America, Inc.*, 858 F.2d 509 (9th Cir. 1988)) .

[59] Docket 15 at 9–12 (collecting cases).

Case No. 3:20-cv-00178, *Lindfors v. State Farm Mutual Auto. Ins. Co.*
Order re Motion to Remand
Page 12 of 14
Case 3:20-cv-00178-SLG   Document 23   Filed 10/20/20   Page 12 of 14

language identical to that in dispute here "govern[s] the type of dispute resolution available . . . rather than the location thereof" and that the "concern of the clause is not with *where* a lawsuit must be filed, but with the fact that *a lawsuit* must be filed."[60] The district court concluded that the language "could not reasonably be interpreted to waive State Farm's right to remove" an action and that nothing in the policy suggested that State Farm submitted to the jurisdiction of any court or forfeited its right to object to jurisdiction in a selected forum.[61]

Plaintiff replies that Defendant's position is internally inconsistent because Defendant insists that federal law governs interpretation of forum selection clauses but then cites case law concluding that the language is not a forum selection clause at all.[62] Plaintiff contends that the better approach is to apply the "reasonable expectations" framework used by the Alaska Supreme Court.[63] Plaintiff adds that the cases cited by Defendant from district courts in Pennsylvania are not persuasive, because Pennsylvania law accords narrower protections to insureds than does Alaska law.[64]

The disputed language of Section 1(b) of the parties' policies provides that in the event of a disagreement about compensatory damages, "the insured shall .

---

[60] Case No. 11-0225, 2011 WL 1671643, at *3 (W.D. Pa. May 3, 2011) (emphases in original).

[61] *Id.*

[62] Docket 20 at 6–7.

[63] Docket 20 at 7.

[64] Docket 20 at 7–8.

Case No. 3:20-cv-00178, *Lindfors v. State Farm Mutual Auto. Ins. Co.*
Order re Motion to Remand
Page 13 of 14
Case 3:20-cv-00178-SLG   Document 23   Filed 10/20/20   Page 13 of 14

. . file a lawsuit, in a state or federal court that has jurisdiction."[65] The Court does not interpret this language as a forum selection clause and agrees with those district courts that have concluded that the clause "indicates that a lawsuit must be filed, as opposed to arbitration or mediation, but does not designate the specific court where it must be filed."[66] Based on the policies' language, Plaintiff could not reasonably have expected that the policies precluded Defendant from removing the case, as there is no commitment by Defendant to submit to the insured's selected court's jurisdiction.

Because Defendant has not waived its right to removal, and because Defendant's Notice of Removal was otherwise proper, the Court will deny Plaintiff's motion to remand.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Plaintiff's Motion to Remand at Docket 11 is DENIED.

DATED this 20th day of October, 2020 at Anchorage, Alaska.

                                       */s/ Sharon L. Gleason*
                                       UNITED STATES DISTRICT JUDGE

---

[65] Docket 11-1 at 18.

[66] *See, e.g.*, *Malpass v. State Farm. Auto. Ins. Co.,* Case No. 2:17-cv-00279-SAB, 2017 WL 4881596, at *2 (E.D. Wash. Oct. 30, 2017).

Case No. 3:20-cv-00178, *Lindfors v. State Farm Mutual Auto. Ins. Co.*
Order re Motion to Remand
Page 14 of 14
Case 3:20-cv-00178-SLG   Document 23   Filed 10/20/20   Page 14 of 14