IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

CORINNE LINDFORS,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

Case No. 3:20-cv-00178-SLG

## ORDER RE MOTION TO SEVER AND STAY "BAD FAITH" CLAIMS

Before the Court at Docket 22 is Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion to Sever and Stay "Bad Faith" Claims. Plaintiff Corinne Lindfors responded in opposition at Docket 26. Defendant replied at Docket 29. Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

In 2019, Plaintiff was injured in a motor vehicle collision, which Plaintiff contends was caused by an underinsured motorist ("UIM").[1] At the time, Plaintiff had three automobile insurance policies from Defendant insuring three different

---

[1] Docket 1-1 at 4–5, ¶¶ 11–13; Docket 6 at 4–5, ¶ 11 (Answer) ("State Farm admits that Plaintiff claims the other driver involved in the collision was underinsured but lacks sufficient information to either admit or deny if, in fact, that driver was underinsured and therefore denies the same.").

vehicles.² As part of her policies with Defendant, Plaintiff had UIM coverage with limits of $250,000/person or $500,000/accident and "med pay" coverage in the amount of $25,000/person.³

Unable to resolve her claims with Defendant, on June 15, 2020, Plaintiff commenced an action against Defendant in the Superior Court for the State of Alaska, asserting, *inter alia*, breach of contract and breach of fiduciary duty and of the covenant of good faith and fair dealing, and seeking recovery of compensatory, punitive, and consequential damages.⁴ On July 24, 2020, Defendant removed the case to this Court on the basis of diversity jurisdiction.⁵ On August 19, 2020, the parties jointly filed their Report of Rule 26(f) Planning Meeting; the report indicated, among other things, that Plaintiff opposed bifurcation and Defendant indicated they planned to seek severance of the "bad faith" claims and stay of discovery on those claims, or, in the alternative, a bifurcated trial.⁶ The Court entered the Scheduling & Planning Order and the Trial Scheduling Order, setting the deadline for fact discovery as September 1, 2021, and setting trial to begin on February 22, 2022.⁷

---

² Docket 1-1 at 2, ¶¶ 5–6; Docket 6 at 2, ¶ 5.

³ Docket 1-1 at 3, ¶ 7; Docket 6 at 3, ¶ 7.

⁴ Docket 1-1 at 11–17.

⁵ Docket 1 at 2, ¶¶ 2–3.

⁶ Docket 10 at 5.

⁷ Docket 13; Docket 14.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motion to Sever and Stay "Bad Faith" Claims
Page 2 of 11
Case 3:20-cv-00178-SLG   Document 31   Filed 03/15/21   Page 2 of 11

On October 9, 2020, Defendant moved to sever and stay Plaintiff's "bad faith" claims.[8]

## DISCUSSION

Rule 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."[9] Additionally, under Rule 21, the Court may sever "any claim against a party."[10]

Defendant asks the Court to do both—to sever Plaintiff's "bad faith" claims from her UIM claim and to order separate trials—and asks the Court to stay discovery on the former until the UIM claim is resolved.[11] Citing to orders from this Court and others severing and staying "bad faith" claims from UIM claims, Defendant contends that doing so will be economical and efficient, and will prevent undue prejudice to Defendant.[12]

---

[8] Docket 22.

[9] Fed. R. Civ. P. 42.

[10] Fed. R. Civ. P. 21.

[11] Docket 22 at 1–2.

[12] *See Lashley v. Horace Mann Teachers Ins., Inc.*, Case No. 3:12-cv-00197-RRB (D. Alaska Apr. 10, 2013) (bifurcating breach of contract and bad faith claims and staying bad faith discovery); *Mixsooke v. Geico Casualty Co.*, Case No. 3:12-cv-0166-HRH (D. Alaska Dec. 4, 2012) (finding that "[b]ecause the court perceives the plaintiff's claims to be factually and legally independent of one another, and because a determination of the value of plaintiff's bodily injury claim may obviate the necessity for litigating the plaintiff's breach of good faith claim, this is an appropriate case for bifurcation of those claims" and that undertaking bad faith discovery "will not be economical because that discovery may not be necessary"); *Seals v. State Farm Mut. Auto. Ins. Co.*, Case

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motion to Sever and Stay "Bad Faith" Claims
Page 3 of 11
Case 3:20-cv-00178-SLG   Document 31   Filed 03/15/21   Page 3 of 11

Regarding efficiency, Defendant maintains that the discovery and evidence required to resolve a UIM claim—details of the accident, medical reports, damages evidence—is distinct from that required to resolve "bad faith" claims, which could "require disclosure of everything from reserves to claims adjuster mental impressions."[13] Defendant explains that should it prevail on or settle the UIM claim, then the parties will have saved the time and expense of discovery and trial on the "bad faith" claims.[14] Indeed, Defendant predicts—based on prior experience with similar claims—that Plaintiff may well drop the "bad faith" claims after a trial on the UIM claim.[15] Defendant adds that even if the "bad faith" claims proceed to trial, the additional cost of bifurcation would be limited to the time needed to pick a second jury.[16]

As to prejudice, Defendant maintains that a jury would be improperly influenced by exposure to "bad faith" claim evidence, which, by "its very nature

---

No. 3:14-cv-00059-JWS (D. Alaska Nov. 7, 2014) (concluding that "failure to sever the bad faith claims from the UIM claim would substantially prejudice" the insurer); *Petrick v. Geico Indem. Co.*, Case No. 4:13-cv-00006-RRB (D. Alaska Aug. 27, 2013) (bifurcating bad faith and bodily injury claims based on the reasons defendant's reply brief, including that a verdict on damages may be dispositive of the bad faith claim and prejudice from "an unfair tactical advantage to the plaintiff" that discovery would provide).

[13] Docket 22 at 6–7.

[14] Docket 22 at 9.

[15] Docket 22 at 10.

[16] Docket 22 at 10.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motion to Sever and Stay "Bad Faith" Claims
Page 4 of 11
Case 3:20-cv-00178-SLG   Document 31   Filed 03/15/21   Page 4 of 11

would prejudice the outcome of a trial on the UIM claim."[17] Moreover, Defendant maintains that it would be "fundamentally unfair" to require "an insurer to disclose how it is evaluating a UIM claim, as well as its reserve information, before the UIM claim is even resolved."[18] Indeed, Defendant contends that Plaintiff brought the "bad faith" claims for the very purpose of obtaining irrelevant discovery to influence the outcome of the UIM claim.[19] Defendant maintains that severing and staying the "bad faith" claims will alleviate its concerns while still allowing Plaintiff to bring the "bad faith" claims, should she wish to do so.[20]

In response, Plaintiff maintains that bifurcation would not be efficient because the UIM trial will not be dispositive of the "bad faith" claim, as part of the "bad faith" claim is based on Defendant's inaction.[21] Plaintiff also asserts that Defendant will not face prejudice in the discovery process because Defendant has already disclosed its reserve information, as well as its claims adjuster's mental impressions.[22] Plaintiff also contends that requiring an insurer to disclose how it is evaluating a UIM claim is not fundamentally unfair because, as Plaintiff's insurer,

---

[17] Docket 22 at 7.

[18] Docket 22 at 7.

[19] Docket 22 at 8.

[20] Docket 22 at 8.

[21] Docket 26 at 17 (citing *Ferguson v. State Farm Mut. Auto. Ins. Co.*, Case No. 3:11-cv-00081 JWS, 2011 WL 4946349, at *1 (D. Alaska Oct. 18, 2011)).

[22] Docket 26 at 3–4, 6.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motion to Sever and Stay "Bad Faith" Claims
Page 5 of 11

Case 3:20-cv-00178-SLG   Document 31   Filed 03/15/21   Page 5 of 11

Defendant owes a fiduciary duty and stands in a "special relationship" to Plaintiff and "must do nothing to interfere with the benefit of her bargain involving her purchase of first-party coverage."[23] Plaintiff maintains that alternatively, it would be premature to sever the "bad faith" claims at this juncture.[24]

In reply, Defendant cites to *Basargin v. State Farm Mutual Automobile Insurance Co.*[25] In *Basargin*, the court entered an order bifurcating the UIM claim and bad faith claims at trial, but denying the defendant's request to sever and stay the claims as to discovery.[26] According to Defendant, "the jury returned a verdict on the UIM claim . . . where the jury found that [the plaintiff's] damages were less than the sums she had already recovered," leading the plaintiff to promptly dismiss her bad faith claims.[27] Thus, "the parties incurred significant cost and expense pursuing discovery on an issue that ultimately was mooted by virtue of the jury's decision on the UIM claim."[28] However, the court in *Basargin* acknowledged at the time of its order that "[w]hile it might turn out to be more convenient and economical to bifurcate and stay discovery on the bad faith claims, it might also turn out to be

---

[23] Docket 26 at 5.

[24] Docket 26 at 19.

[25] Case No. 3:16-cv-0041-HRH, 2016 WL 11045601 (D. Alaska June 3, 2016).

[26] *Basargin*, 2016 WL 11045601, at *4.

[27] Docket 29 at 3 (citing 29-1 (Colbo Aff.)).

[28] Docket 29 at 3.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motion to Sever and Stay "Bad Faith" Claims
Page 6 of 11
Case 3:20-cv-00178-SLG   Document 31   Filed 03/15/21   Page 6 of 11

more expensive."[29] The fact that the denial of the motion to sever and stay as to discovery in *Basargin* was ultimately inefficient is not dispositive in this case.

On the other hand, Plaintiff cites *Ferguson v. State Farm Mutual Automobile Insurance Co.*, in which the court determined that bifurcation would not promote judicial economy.[30] The court reasoned that "even if a jury determined that [the defendant] was not liable on [the plaintiff's] breach-of-contract claim, plaintiff's claim for breach of the covenant of good faith and fair dealing would go forward . . . because [the plaintiff's] bad faith claims are largely based on [the defendant's] inaction."[31] Here, while Plaintiff includes allegations that Defendant ignored a UMI policy limit demand, Plaintiff also alleges that Defendant breached its duty of good faith and fair dealing when it provided a "total claim value" without a reasonable basis, offered a UIM amount insufficient to cover outstanding liens, and unreasonably discounted Plaintiff's shoulder injury.[32] These are bases for Plaintiff's bad faith claims that could potentially be resolved by a jury decision on Plaintiff's UIM claim.

The Court acknowledges that the parties present competing plausible scenarios as to the efficiency of bifurcation; however, as noted by Plaintiff, the

---

[29] *Basargin*, 2016 WL 11045601, at *3.

[30] Docket 26 at 17 (citing No. 3:11-cv-00081 JWS, 2011 WL 4946349 (D. Alaska Oct. 18, 2011)).

[31] *Id*. at *1.

[32] Docket 1-1 at 7–8 ¶¶ 20(a), (e), (g).

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motion to Sever and Stay "Bad Faith" Claims
Page 7 of 11
Case 3:20-cv-00178-SLG   Document 31   Filed 03/15/21   Page 7 of 11

Court finds the reasoning in *Overcast v. Government Employees Insurance Co.* persuasive.[33] The Superior Court for the State of Alaska, First Judicial District, concluded that "bifurcation might ultimately contravene the policy of judicial economy . . . 'if [the insurer] does not prevail, the Court is faced with two voir dires, two phases of discovery and another round of seemingly endless motion filing and responses, all in addition to two separate trials."[34] The state court concluded that "[w]hile the potential prejudice to [the insurer] is real, it is best mitigated through bifurcation of a single trial, before a single jury, into separate stages."[35] This Court agrees and finds that the goal of judicial economy is best served by bifurcating Plaintiff's claims before a single jury. With discovery closing in September 2021 and trial beginning in February 2022, the parties should have ample time to complete discovery on both issues.[36]

As to prejudice, Defendant relies on the Court of Appeals of Wisconsin's decision in *Dahmen v. American Family Mutual Insurance Co.* to establish that it will be prejudiced if forced to undertake "bad faith" discovery before the UIM claim

---

[33] Docket 26 at 2 (citing 1JU-10-00486CI (Alaska Sup. Ct. Nov. 12, 2019)).

[34] *Id.* at 2 (quoting *Light v. Allstate Ins. Co.*, 182 F.R.D. 210 (S.D. W. Va. 1998)).

[35] *Id*.

[36] Docket 13; Docket 14.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motion to Sever and Stay "Bad Faith" Claims
Page 8 of 11
Case 3:20-cv-00178-SLG   Document 31   Filed 03/15/21   Page 8 of 11

is resolved.[37] There, the Court of Appeals reversed the trial court's denial of bifurcation and stay of discovery on the bad faith claims, concluding that:

> (1) the failure to bifurcate a claim of bad faith from an underlying claim for UIM benefits would significantly prejudice [the defendant]; (2) the two distinct claims present differing evidentiary requirements that increase the complexity of the issues and the potential for jury confusion; and (3) a separate initial trial on the claim of UIM benefits increases the prospect of settlement and promotes economy by narrowing the issues for the jury and potentially eliminating the need for a later trial on the bad faith claim.[38]

Plaintiff contends that this court has already determined *Dahmen* "inapposite," citing *Thogmartin v. State Farm Mutual Automobile Insurance Co.*[39] But in that case, the plaintiff had agreed to bifurcate the trial to avoid the prejudice described in *Dahmen*.[40] In contrast, here Plaintiff has not agreed to bifurcate the trial. The Court is persuaded by the reasoning in *Dahmen* that a separate trial on the UIM claim will prevent undue prejudice arising from the added confusion and complexity. Even if the disclosures identified by Plaintiff mooted Defendant's concerns about prejudice from discovery on the "bad faith" claims, Defendant has

---

[37] Docket 22 at 13–15 (citing *Dahmen v. American Family Mut. Ins. Co.*, 635 N.W.2d 1 (Wisc. App. 2001).

[38] *Dahmen*, 635 N.W.2d 1, at *6.

[39] Docket 26 at 2–5 (citing Case No. 3:19-cv-00252-SLG, 2020 WL 369640 (D. Alaska Jan. 22, 2020).

[40] *Thogmartin*, 2020 WL 369640, at *2.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motion to Sever and Stay "Bad Faith" Claims
Page 9 of 11
Case 3:20-cv-00178-SLG   Document 31   Filed 03/15/21   Page 9 of 11

established that it would face prejudice without a bifurcated trial due to presenting separate and unrelated evidence to the jury.[41]

However, the Court is not persuaded that Defendant will face significant prejudice unless discovery on the "bad faith" claims is severed and stayed. Plaintiff is entitled to discovery on the "bad faith" claims so long as they remain a part of the case. Moreover, as the Alaska Supreme Court has explained, there is a "special relationship between the insured and the insurer in the insurance context" and "bad faith" claims sounding in tort provide the "needed incentives to insurers to honor their implied covenant to their insured."[42] Thus, while Defendant understandably does not want to disclose further information about its settlement practices or evaluations to Plaintiff before resolving the UIM claim, such disclosure is a natural consequence of the parties' special relationship and of Defendant's reliance on courts to resolve disputed UIM claims.[43] Moreover, prejudice resulting

---

[41] Docket 22 at 8 (citing *Gibson v. Geico Gen. Ins. Co.*, 153 P.3d 312 (Alaska 2007)). Plaintiff is correct that *Gibson* did not involve "bad faith" claims; nonetheless, it supports Defendant's proposition that the claims require separate and unrelated proof.

[42] *Lockwood v. Geico Gen. Ins. Co.*, 323 P.3d 691, 697 (Alaska 2014) (quoting *State Farm Fire & Cas. Co. v. Nicholson*, 777 P.2d 1152, 1156–57 (Alaska 1989)). The Court acknowledges that due to its procedural posture, *Lockwood* does not compel a denial of a stay of discovery pending resolution of Plaintiff's UIM claim and does not rely on it for that basis. *Compare* Docket 26 at 18–19 *with* Docket 29 at 4–5.

[43] Docket 22-7 at 15 (Ex. G) (State Farm policy providing that if there is no agreement on the amount of compensatory damages, the insured "shall . . . file a lawsuit in a state or federal court that has jurisdiction").

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motion to Sever and Stay "Bad Faith" Claims
Page 10 of 11
Case 3:20-cv-00178-SLG   Document 31   Filed 03/15/21   Page 10 of 11

from discovery on Plaintiff's "bad faith" claims is mitigated by the fact that Defendant has apparently already disclosed its reserves.[44]

For the above reasons, the Court grants Defendant's request to bifurcate Plaintiff's UIM claim from its "bad faith" claims at trial, insofar as the parties will first try the UIM claim, and, only upon its resolution, try the "bad faith" claims before the same jury. The Court denies Defendant's request to stay "bad faith" discovery.

## CONCLUSION

In light of the foregoing, Defendant's Motion to Sever and Stay "Bad Faith" Claims at Docket 22 is GRANTED in part and DENIED in part.

DATED this 15th day of March, 2021 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[44] Docket 26 at 3–4.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motion to Sever and Stay "Bad Faith" Claims
Page 11 of 11
Case 3:20-cv-00178-SLG   Document 31   Filed 03/15/21   Page 11 of 11