# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

CORINNE LINDFORS,

             Plaintiff,

    v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

           Defendant.

Case No. 3:20-cv-00178-SLG

## ORDER RE MOTIONS FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S SECOND CAUSE OF ACTION & PLAINTIFF'S CLAIM FOR ATTORNEY'S FEES AS CONSEQUENTIAL DAMAGES

This order addresses two pending motions: (1) Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion for Partial Summary Judgment on Plaintiff's Second Cause of Action Alleging Breach of Contract Under Med Pay Coverage and for Ruling of Law that the Medical Payments Coverage and Underinsured Motorist Coverage in Plaintiff's Three State Farm Automobile Liability Insurance Policies Does Not Stack at Docket 33;[1] and (2) State Farm's Motion for Partial Summary Judgment on Plaintiff's Claim for "Attorney's Fees" as Consequential Damages at Docket 46.[2] Oral argument was

---

[1] Plaintiff Corinne Lindfors responded in opposition at Docket 40, to which State Farm replied at Docket 43.

[2] Ms. Lindfors responded in opposition at Docket 51, to which State Farm replied at Docket 59.

not requested on either motion and was not necessary to the Court's determination.

## BACKGROUND

This litigation stems from a dispute between Ms. Lindfors and State Farm regarding insurance coverage for injuries Ms. Lindfors sustained in a January 2019 motor vehicle collision.[3] At the time, Ms. Lindfors had three automobile insurance policies from State Farm insuring three different vehicles,[4] each of which included underinsured motorist (UIM) coverage with limits of $250,000/person or $500,000/accident and "med pay" coverage in the amount of $25,000/person.[5] Ms. Lindfors asserts that she should be able to "stack" her coverage, recovering up to the limit for med pay and UIM coverage under each policy,[6] but State Farm maintains that Ms. Lindfors is limited to recovering only under one policy due to "anti-stacking" provisions in the written policies.[7] In her complaint, Ms. Lindfors alleges breach of contract under both the med pay and UIM coverage, as well as several "first-party bad faith" claims.[8] Among other requested relief, she seeks to

---

[3] *See* Docket 1-1.

[4] Docket 1-1 at 2, ¶¶ 5–6; Docket 6 at 2, ¶ 5.

[5] Docket 1-1 at 3, ¶ 7; Docket 6 at 3, ¶ 7.

[6] *See* Docket 1-1 at 3–4, ¶ 9.

[7] *See* Docket 33 at 5–9.

[8] Docket 1-1 at 11–16, ¶¶ 29–61.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motions for Partial Summary Judgment on Plaintiff's Second Cause of Action &
Plaintiff's Claim for Attorney's Fees as Consequential Damages
Page 2 of 24

Case 3:20-cv-00178-SLG   Document 87   Filed 09/30/21   Page 2 of 24

recover "actual reasonable attorneys' fees" as consequential damages for her breach-of-contract claims.[9]

The med pay anti-stacking provision in each policy states that:

If Medical Payments Coverage provided by this policy and one or more other vehicle policies issued to **you** or any **resident relative** by the **State Farm Companies** apply to the same **bodily injury**, then:
  a. the Medical Payments Coverage limits of such policies shall not be added together to determine the most that may be paid; and
  b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies.  **We** may choose one or more policies from which to make payment.[10]

Similarly, the UIM anti-stacking provision in each policy states that:

If Uninsured and Underinsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to **you** as a named insured by the **State Farm Companies** applies to the same **bodily injury** sustained by **you**, then:
  a. the Uninsured and Underinsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and
  b. the maximum amount that may be paid from all such policies combined in the single highest applicable limit provided by any one of the policies.  **We** may choose one or more policies from which to make payment.[11]

---

[9] Docket 1-1 at 16.

[10] Docket 34-2 at 15 (Ex. B); Docket 34-3 at 17 (Ex. C); Docket 34-4 at 17 (Ex. D).

[11] Docket 34-2 at 20, 24–25 (Ex. B); Docket 34-3 at 22, 26–27 (Ex. C); Docket 34-4 at 22, 26–27 (Ex. D).

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motions for Partial Summary Judgment on Plaintiff's Second Cause of Action & Plaintiff's Claim for Attorney's Fees as Consequential Damages
Page 3 of 24

Each policy also contains "Amendatory Endorsement 6128CV," which does not change the med pay anti-stacking provision[12] but alters the beginning of the UIM anti-stacking provision slightly to read:

> If Uninsured and Underinsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to **you** or a **resident relative** by **us** applies to the same **bodily injury** sustained by **you**, then:
>     a. the Uninsured and Underinsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and
>     b. the maximum amount that may be paid from all such policies combined in the single highest applicable limit provided by any one of the policies. **We** may choose one or more policies from which to make payment.[13]

The above facts are undisputed, and Ms. Lindfors does not appear to dispute that State Farm paid the available med pay limit under Policy No. 085-0433-D09-02D—the policy covering the vehicle involved in the collision—exhausting that policy's med pay coverage.[14]

## DISCUSSION

## I.    Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden of

---

[12] *See* Docket 34-2 at 43 (Ex. B); Docket 34-3 at 45 (Ex. C); Docket 34-4 at 45 (Ex. D).

[13] Docket 34-2 at 43 (Ex. B); Docket 34-3 at 45 (Ex. C); Docket 34-4 at 45 (Ex. D).

[14] *See* Docket 33 at 2–4; Docket 40 at 1–3; Docket 1-1 at 8–9, ¶ 20(i).

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motions for Partial Summary Judgment on Plaintiff's Second Cause of Action &
Plaintiff's Claim for Attorney's Fees as Consequential Damages
Page 4 of 24

Case 3:20-cv-00178-SLG    Document 87    Filed 09/30/21    Page 4 of 24

showing the absence of a genuine dispute of material fact lies with the moving party.[15] If the moving party meets this burden, the non-moving party must present specific factual evidence demonstrating the existence of a genuine issue of fact.[16]

## II. Stacking

State Farm asks this Court to (1) grant partial summary judgment on Ms. Lindfors' second cause of action alleging breach of contract under her med pay coverage; and (2) issue a ruling of law that Ms. Lindfors' med pay and UIM coverage does not stack.[17]   Summary judgment on a matter of contract interpretation is "appropriate when the contract terms are clear and unambiguous, even if the parties disagree as to their meaning," because "[i]interpretation of a contract is a matter of law, including whether the contract is ambiguous."[18]   There are no genuine issues of material fact relevant to the instant motion.

Because this is a diversity action, Alaska's substantive law applies.[19]   Two state statutes, AS 28.20.445(c) and AS 28.22.221, permit the use of anti-stacking

---

[15] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[16] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[17] Docket 33 at 1–2.

[18] *United States v. King Features Ent., Inc.*, 843 F.2d 394, 398 (9th Cir. 1988); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983) (holding that summary judgment was appropriate when nonmoving party failed to raise genuine issue of material fact regarding proper interpretation of insurance contract); *cf. Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 856 (9th Cir. 1995) (noting that summary judgment is inappropriate when "there is a dispute over a material fact deemed necessary to a contract's interpretation, based on evidentiary support for competing interpretations").

[19] *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motions for Partial Summary Judgment on Plaintiff's Second Cause of Action &
Plaintiff's Claim for Attorney's Fees as Consequential Damages
Page 5 of 24

provisions in auto insurance policies. But such provisions are valid only if there is "no circularity in language" and they are "clear in limiting coverage to the highest limit applicable to any of the insured vehicles."[20]

Generally, Alaska courts construe insurance contracts "so as to provide that coverage which a layperson would have reasonably expected from a lay interpretation of the policy terms."[21] An insured's expectation of coverage must be "objectively reasonable."[22] To determine the reasonable expectations of the parties, Alaska courts look to: "1) the language of the disputed policy provisions; 2) the language of other policy provisions; 3) relevant extrinsic evidence; and 4) case law interpreting similar provisions."[23] Alaska law also provides that courts should construe ambiguous clauses in favor of the insured.[24] However, "[t]he mere fact that the parties disagree about the proper interpretation of the contract does

---

[20] *Hillman v. Nationwide Mut. Fire Ins. Co.*, 758 P.2d 1248, 1254 (Alaska 1988).

[21] *Serradell v. Hartford Accident & Indem. Co.*, 843 P.2d 639, 641 (Alaska 1992).

[22] *West v. Umialik Ins. Co.*, 8 P.3d 1135, 1138 (Alaska 2000) (quoting *State v. Underwriters at Lloyds London*, 755 P.2d 396, 400 (Alaska 1988)); *see also State Farm Fire & Cas. Co. v. Bongen*, 925 P.2d 1042, 1047 (Alaska 1996) ("[S]ince most insureds develop an expectation that every loss will be covered, the reasonable expectation doctrine 'must be limited by something more than the fervent hope usually engendered by loss.'" (quoting *Millar v. State Farm Fire & Cas. Co.*, 804 P.2d 822, 826 (Ariz. Ct. App. 1990))).

[23] *Bongen*, 925 P.2d at 1047; *see also C.P. ex rel. M.L. v. Allstate Ins. Co.*, 996 P.2d 1216, 1223 (Alaska 2000).

[24] *See C.P. ex rel. M.L.*, 996 P.2d at 1228.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motions for Partial Summary Judgment on Plaintiff's Second Cause of Action & Plaintiff's Claim for Attorney's Fees as Consequential Damages
Page 6 of 24

Case 3:20-cv-00178-SLG   Document 87   Filed 09/30/21   Page 6 of 24

not mean the contract is ambiguous."[25]   Rather, an ambiguity exists only when "inconsistent, but reasonable, interpretations of the contract are possible."[26]

State Farm contends that a reasonable insured would not expect UIM and med pay coverage to stack based on the language in each of Ms. Lindfors' policies.[27] It asserts that the policy language "unambiguously precludes an insured from stacking multiple [med pay or UIM] limits for injuries arising out of a single motor vehicle accident, no matter how many policies under which the insured may qualify" for coverage.[28]   Thus, the insurer contends it is entitled to summary judgment on Ms. Lindfors' second cause of action because Ms. Lindfors does not dispute that State Farm paid her a total of $25,000 in med pay, exhausting the med pay limit of one policy.[29]   If the med pay coverage in the three policies does not stack, this payment satisfied its med pay obligations to Ms. Lindfors.

In response, Ms. Lindfors suggests that the instant motion is "too flawed to justify any relief for the insurer" for several reasons.[30]   First, she asserts that State Farm erroneously relies on "superseded policy language" because Policy Form

---

[25] *Nelson v. Progressive Cas. Ins. Co.*, 162 P.3d 1228, 1234 (Alaska 2007).

[26] *Id.*

[27] Docket 33 at 9.

[28] Docket 33 at 6–8.

[29] Docket 33 at 10.

[30] Docket 40 at 2.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motions for Partial Summary Judgment on Plaintiff's Second Cause of Action &
Plaintiff's Claim for Attorney's Fees as Consequential Damages
Page 7 of 24

Case 3:20-cv-00178-SLG   Document 87   Filed 09/30/21   Page 7 of 24

9802A was partially modified by Amendatory Endorsement 6128CV.[31]  Second, she appears to maintain that State Farm should not be entitled to summary judgment on her breach-of-contract claim because the insurer's conduct violated the covenant of good faith and fair dealing even if State Farm ultimately exhausted her available med pay.[32]  Third, Ms. Lindfors contends that it was objectively reasonable to expect her med pay and UIM coverage limits to stack—based on both extrinsic evidence and the policy language.  She notes that "[h]istorically, Alaska recognized an insured's ability to 'stack' first-party coverage," citing *Kackman v. Continental Ins. Co.*, 319 F. Supp. 540, 541–42 (D. Alaska 1970), and *Werley v. United Services Automobile Association*, 498 P.2d 112, 113–14, 119 (Alaska 1972).[33]  Regarding her specific policies, she asserts that "the reasonable expectation as to the different premium amounts State Farm charged under each policy was that the premiums were purchasing additional coverage" because "UIM is 'personal' to the insured" and thus "not coverage which depends on the vehicle the insured is occupying."[34]

---

[31] Docket 40 at 2–3; *see also* Docket 40 at 2 n.4 (asserting that State Farm's failure to mention the endorsement means it did not satisfy its burden of "informing the district court of the *basis for its motion*" (quoting *Celotex*, 477 U.S. at 323)).

[32] Docket 40 at 11.

[33] Docket 40 at 11 & n.32.

[34] Docket 40 at 13 (citing *Kvasnikoff v. Allstate Ins. Co.*, Case No. A94-0318 CV (HRH), 1995 WL 251164, at *12 (D. Alaska 1995)).

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motions for Partial Summary Judgment on Plaintiff's Second Cause of Action & Plaintiff's Claim for Attorney's Fees as Consequential Damages
Page 8 of 24

Case 3:20-cv-00178-SLG   Document 87   Filed 09/30/21   Page 8 of 24

Ms. Lindfors also maintains that the anti-stacking provisions in the policies are ambiguous because they use the term "the same bodily injury," which she interprets to refer to an injury to a single body part rather than all injuries sustained in one motor vehicle accident.[35] As a result of this language, she contends, "[a] reasonable insured would *not* understand that medical expenses relating to different bodily injuries cannot trigger additional med pay benefits."[36] Moreover, Ms. Lindfors asserts that State Farm adjusters' use of the plural word "injuries" when communicating with her regarding her claim bolsters her interpretation of "the same bodily injury."[37]

In reply, State Farm maintains that "[t]he only reasonable expectation plaintiff could have had was that the coverages provided by the three policies would not stack."[38] The insurer contends that Amendatory Endorsement 6128CV

---

[35] Docket 40 at 17. Ms. Lindfors also contends that "the same bodily injury" should be given her preferred meaning because State Farm chose to employ that term rather than mirroring the exact wording of AS 28.20.445(c) and AS 28.20.221, the Alaska statutes that allow insurers to impose limits on stacking. *See* Docket 40 at 14. AS 28.20.445(c) provides: "If a person is entitled to uninsured or underinsured motorists coverage under more than one motor vehicle policy issued by the same insurer in the same household, the maximum amount payable may be limited to the highest limit of any one coverage under the policies." In response, State Farm asserts that it "was not required to follow the exact language of the statute and its policy language is actually clearer that contained in the statute and makes it even clearer to an insured who reads their policy that they are only going to be entitled to a single UIM coverage limit if they are involved in an accident, sustain a bodily injury and have multiple household policies in effect on that date." Docket 43 at 8 n.11.

[36] Docket 40 at 17.

[37] Docket 40 at 18–20.

[38] Docket 43 at 1–2.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motions for Partial Summary Judgment on Plaintiff's Second Cause of Action &
Plaintiff's Claim for Attorney's Fees as Consequential Damages
Page 9 of 24

is not relevant because its language is "substantively identical to the language in Policy Form 9802A" about stacking.[39]  The only change the endorsement made was to "broaden the policies that were covered by the anti-stacking language from policies issued to 'you as a named insured' to all policies issued to 'you or a resident relative'" and therefore the change "[did] not impact the pertinent language that precludes stacking of coverages provided by multiple household policies."[40] State Farm also notes that Count II "specifically alleged only a breach of contract claim based on State Farm not paying Medical Payments Coverage ('MPC') contained in two other household policies"; thus, it maintains that Ms. Lindfors' arguments regarding the covenant of good faith and fair dealing are irrelevant to the instant motion for summary judgment on the breach-of-contract claim.[41]

Further, State Farm contends that Ms. Lindfors' interpretation of the phrase "the same bodily injury" is "plainly wrong."[42]  The insurer maintains that Ms. Lindfors' injuries, "even if to different body parts, all arose out of a single accident and are all encompassed within the definition of 'bodily injury' when . . . read in the

---

[39] Docket 43 at 3.

[40] Docket 43 at 3.

[41] Docket 43 at 4.

[42] Docket 43 at 9 (quoting *Ashlock v. State Farm Mut. Auto. Ins. Co.*, Case No. 1:12-CV-146-SNLJ, 2013 WL 4402980, at *4 (E.D. Mo. Aug. 14, 2013), *appeal dismissed*, Case No. 13-3092 (8th Cir. Dec. 3, 2013)).

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motions for Partial Summary Judgment on Plaintiff's Second Cause of Action & Plaintiff's Claim for Attorney's Fees as Consequential Damages
Page 10 of 24

context of the entire policy."[43]  State Farm cites two cases in which courts considered and rejected "virtually identical argument[s]" regarding the phrase "the same bodily injury."[44]  Finally, State Farm suggests that Ms. Lindfors' "citation to and reliance on *Kackman* . . . is misplaced" because "[t]hat decision has been effectively overruled by virtue of the Alaska Legislature's enactment of AS 28.20.445 and AS 28.22.221."[45]

After examining the policy language, relevant extrinsic evidence, and case law interpreting similar provisions,[46] the Court finds that a reasonable insured would not expect med pay and UIM coverage to stack under the terms of Ms. Lindfors' policy.  As an initial matter, the Court does not consider State Farm's failure to explicitly reference Amendatory Endorsement 6128CV in the instant motion to create a genuine dispute of material fact, as Ms. Lindfors suggests it does.[47]  State Farm included the endorsement as part of its exhibits, and the endorsement does not substantively change the language of the relevant anti-stacking provisions.[48]

---

[43] Docket 43 at 8–9.

[44] Docket 43 at 9, 14; *see Ashlock*, 2013 WL 4402980, at *3–4; *Ferris v. Jennings*, 851 F. Supp. 418, 425 (M.D. Ala. 1993) (applying Alaska law).

[45] Docket 43 at 8.

[46] *See Bongen*, 925 P.2d at 1047.

[47] *See* Docket 40 at 2–3.

[48] *See* Docket 34-2 at 3 (Ex. B) (listing "6128CV Amendatory Endorsement" as part of policy); Docket 34-3 at 3 (Ex. C) (same); Docket 34-4 at 3 (Ex. D) (same); Docket 34-2 at 42–47 (Ex. B)

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motions for Partial Summary Judgment on Plaintiff's Second Cause of Action & Plaintiff's Claim for Attorney's Fees as Consequential Damages
Page 11 of 24

Turning to the interpretation of the policy, the Court finds that the language of Ms. Lindfors' policy plainly bars stacking med pay and UIM coverage. While the anti-stacking provisions themselves arguably create some ambiguity by referring to "the same bodily injury," that phrase clearly encompasses all injuries sustained in one collision when read in the context of the entire policy. The policy refers to "bodily injury" in several other provisions without using the article "a," denoting that the phrase encompasses multiple injuries.[49] Moreover, the Declarations Page provides an "each person" limit for med pay and UIM coverage, making clear that the policy's limits apply on a per-person—and not per-injury—basis.[50] Other provisions in the policy explicitly link the per-person limit to all injuries sustained in a single accident. The UIM coverage "Limits" section, for example, provides:

> The most [State Farm] will pay for all damages resulting from bodily injury to any one insured in any one accident . . . is the lesser of: (1) the difference between the amount of the insured's damages for bodily injury, and the amount paid to the insured by or for any person or organization who is or may be held legally liable for the bodily injury; or (2) the limit shown under "Bodily Injury Limits – Each Person."[51]

---

(containing 6128CV Amendatory Endorsement); Docket 34-3 at 44–49 (Ex. C) (same); Docket 34-4 at 44–49 (Ex. D) (same).

[49] *See, e.g.*, Docket 34-2 at 7 (Ex. B) (defining "*bodily* injury" as "mean[ing] bodily injury to a person and sickness, disease, or death that results from it"); Docket 34-2 at 13 (Ex. B) ("*We* will pay . . . *medical expenses* incurred because of *bodily injury* that is sustained by an *insured* and caused by a motor vehicle accident . . . ."); Docket 34-2 at 15 (Ex. B) ("The Medical Payments Coverage provided by this policy applies as primary coverage for an *insured* who sustains *bodily injury* while *occupying your* car . . . .").

[50] *See* Docket 34-2 at 2 (Ex. B).

[51] Docket 34-2 at 19 (Ex. B) (emphases omitted).

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motions for Partial Summary Judgment on Plaintiff's Second Cause of Action &
Plaintiff's Claim for Attorney's Fees as Consequential Damages
Page 12 of 24

The Court rejects Ms. Lindfors' contention that—in spite of the plain meaning of the anti-stacking provisions—paying different premiums for med pay and UIM coverage under each policy created the reasonable expectation that the coverage would be stacked. Ms. Lindfors argues that this is the case because UIM coverage is "personal" to the insured and thus "is not affected by the vehicle per se or whether the insured is even in a vehicle."[52] As a result, Ms. Lindfors claims, "[i]t doesn't make sense for State Farm to vary the premium cha[r]ged for first-party insurance" if those premiums do not provide the insured with stackable coverage.[53] Yet this assertion is not accurate—Ms. Lindfors' policies each also provide UIM coverage for property damage to the insured vehicle and bodily injury to passengers in the insured vehicle other than the named insured or resident relatives.[54] Similarly, each policy provides med pay coverage for passengers injured in the insured vehicle other than the named insured or resident relatives— coverage that would not be available if that particular vehicle was not insured.[55]

---

[52] Docket 40 at 13 (citing *Kvasnikoff*, 1995 WL 251164, at *12).

[53] Docket 40 at 13.

[54] Docket 34-2 at 2 (Ex. B); Docket 34-3 at 2 (Ex. C); Docket 34-4 at 2 (Ex. D); *see, e.g.*, Docket 34-2 at 17 (Ex. B) (defining "*property damage*" as "damage to *your car* or a *newly acquired car*").

[55] *See, e.g.*, Docket 34-2 at 13 (Ex. B) ("*We* will pay . . . *medical expenses* incurred because of *bodily injury* that is sustained by an *insured* and caused by a motor vehicle accident . . . ."); Docket 34-2 at 13 (Ex. B) (defining "*insured*" to include "any other *person* while *occupying* . . . *your car*"); Docket 34-2 at 8 (defining "*your car*" as "the vehicle shown under 'YOUR CAR' on the Declarations Page").

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motions for Partial Summary Judgment on Plaintiff's Second Cause of Action &
Plaintiff's Claim for Attorney's Fees as Consequential Damages
Page 13 of 24

Case 3:20-cv-00178-SLG    Document 87    Filed 09/30/21    Page 13 of 24

Given that a portion of the coverage is tied to a specific vehicle in this manner, the UIM and med pay premiums are understandably different for each policy—presumably due to factors affecting risk to the insurer, such as each car's value, safety features, and passenger capacity.[56] Thus, it was not reasonable for Ms. Lindfors to conclude that she was obtaining stackable coverage solely by virtue of paying different premiums for med pay and UIM coverage under each policy.[57]

Extrinsic evidence does not contradict the plain meaning of the policy's anti-stacking provisions. While Ms. Lindfors is correct that State Farm used the plural word "injuries" in communications with her and in its internal files at times, that fact is insufficient to create ambiguity. Individual adjusters' after-the-fact deviations

---

[56] *See, e.g.*, Docket 34-2 at 2 (Ex. B) ("The amount you pay for automobile insurance is determined by many factors such as the coverages you have, where you live, the kind of car you drive, how your car is used, who drives the car, and information from consumer reports.").

[57] These circumstances are distinct from *Curran v. Fireman's Fund Insurance Co.*, 393 F. Supp. 712, 715 (D. Alaska 1975), which Ms. Lindfors relies on in her briefing. *See* Docket 40 at 11–12. In *Curran*, the insured had a single multivehicle policy under which he paid a separate premium for each vehicle for UIM coverage. *Curran*, 393 F. Supp. at 712–13. But it appears that the premium paid on the first vehicle extended UIM coverage to all seven vehicles on the policy, and the additional premiums did not expand the scope of that coverage in any manner unless they could be stacked. *Id.* at 715. In that circumstance, the district court held that "[t]he only possible interpretation of the contract that would fulfill the reasonable expectations of a layman . . . is that the uninsured motorists premiums paid in connection with vehicles two through seven were meant to increase the amount of coverage, the limits of liability clause notwithstanding." *Id.* at 715 (citation omitted). Thus, the court allowed the insured to stack his coverage. *Id.* But the *Curran* court expressly distinguished cases in which "the insured received consideration in the form of expanded coverage for the additional premium dollars." *Id.* at 714. The court pointed to *Westchester Fire Insurance Co. v. Tucker*, 512 S.W.2d 679 (Tex. 1974), where, like here, "persons occupying a vehicle owned by the insured, other than the named insured or any relative, would only be covered by the uninsured motorists protection if the additional vehicles were insured." *Id.* at 715. In that situation—where the additional premiums gave the insured expanded coverage—the *Curran* court was in "complete agreement" that stacking was not warranted. *See id.* at 714; *Westchester*, 512 S.W.2d at 684.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motions for Partial Summary Judgment on Plaintiff's Second Cause of Action &
Plaintiff's Claim for Attorney's Fees as Consequential Damages
Page 14 of 24

Case 3:20-cv-00178-SLG   Document 87   Filed 09/30/21   Page 14 of 24

from technical policy language are significantly less probative of intent at the time of contract formation than the actual policy language. Perhaps more importantly, though, the communications and records Ms. Lindfors identifies actually appear to provide support for State Farm's interpretation of "the same bodily injury." Claims specialist Mike DeMarco's January 15, 2019 letter to Ms. Lindfors, for example, states: "I understand you were injured in a motor vehicle accident. This policy provides Medical Payments Coverage for reasonable expenses of necessary medical treatment resulting from injuries sustained in this accident. These expenses may be covered if incurred within three years, up to a limit of $25,000 per person."[58] Mr. DeMarco's letter clearly evinces his understanding of the policy term "bodily injury" as encompassing multiple injuries sustained in one accident—all of which are subject to the same $25,000 coverage limit.

Other courts construing similar or identical policy language have reached the same conclusions that: (1) "the same bodily injury" refers to all injuries sustained in one collision; and (2) the policy language unambiguously precludes stacking. In *Ashlock v. State Farm Mutual Automobile Insurance Co.*, for example, the Eastern District of Missouri considered the same "bodily injury" language at issue in the instant motion.[59] The plaintiff in that case asserted that this language

---

[58] Docket 40-4 at 1 (Ex. 11).

[59] 2013 WL 4402980, at *3.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motions for Partial Summary Judgment on Plaintiff's Second Cause of Action &
Plaintiff's Claim for Attorney's Fees as Consequential Damages
Page 15 of 24

Case 3:20-cv-00178-SLG   Document 87   Filed 09/30/21   Page 15 of 24

meant that she could make a separate UIM claim for each of her individual injuries from the accident.[60]  But the court rejected that argument, explaining:

> Particularly when read in the context of the entire policy, the parties' intention is clear.  First, in the "Limits" section, above, it is abundantly clear that the maximum amount defendant will pay to any one person for injuries from one accident is $25,000.  Second, the policies' "Insuring Agreement" exposes the plaintiff's flawed logic.  Plaintiff argues that "defendant could have defined 'bodily injury' to include all injuries suffered by an insured in any one accident."  Plaintiff fails to appreciate that defendant's insurance policies do just that.  The anti-stacking provision's plain language states that, if UIM coverage "provided by this policy and one or more other vehicle policies . . . apply to the same bodily injury," then the anti-stacking provision applies to limit payment to $25,000. . . .
>
> Each of the plaintiff's four policies contains the "Insuring Agreement" language, and all four clearly apply to the "bodily injury . . . sustained by [plaintiff, the insured] . . . and caused by an accident that involves the operation . . . of an underinsured motor vehicle."  The policies do not insure particular body parts or potentially injured areas.  Plaintiff cannot pick and choose to which injuries each policy applies—by the policies' terms, each applies to the same bodily injury that was caused by the accident.  Her arbitrary assignment of different injuries to each of the four policies is unavailing, and the anti-stacking provisions plainly apply. . . .
>
> The plain language of the contract prohibits plaintiff from stacking defendant's insurance contracts.[61]

In *Ferris v. Jennings*, the Middle District of Alabama applied Alaska law to reach the same conclusion regarding identical language in a med pay anti-stacking provision.[62]  The court concluded that the provision was "clear and unambiguous

---

[60] *Id.*

[61] *Id.* at *4–5.

[62] 851 F. Supp. 418, 424 (M.D. Ala. 1993).

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motions for Partial Summary Judgment on Plaintiff's Second Cause of Action &
Plaintiff's Claim for Attorney's Fees as Consequential Damages
Page 16 of 24

in its intent to prohibit recovery on more than one policy."[63] And it rejected the plaintiffs' argument that the phrase "the same bodily injury" meant an insured could collect up to the maximum coverage for each distinct injury.[64] The court explained:

> Although the singular is used, the policy plainly covers all individual injuries sustained during the course of an accident. To construe bodily injury as the Ferrises suggest would require an insured to purchase a separate policy for each individual injury likely to be sustained as a result of an automobile accident. Insurance policies, of course, do not operate in this manner.[65]

In *Ballard v. State Farm Mutual Automobile Insurance Co.*, the Eastern District of Missouri found that an identical anti-stacking provision for UIM coverage unambiguously prevented stacking.[66] And in *Lee v. State Farm Mutual Automobile*, the Western District of Missouri considered nearly identical policy language and concluded that the "Plaintiffs' arguments for ambiguity [were] unpersuasive and [the] Plaintiffs' underinsured motorist coverages [could not] be stacked."[67] The Court finds the analysis in these cases particularly persuasive given that they involved identical or near-identical policy provisions.

---

[63] *Id.*

[64] *Id.* at 425.

[65] *Id.*

[66] Case No. 4:11-CV-74 CAS, 2012 WL 1085489, at *2–5 (E.D. Mo. Mar. 30, 2012).

[67] Case No. 10-5083-CV-SW-RED, 2011 WL 5983370, at *2 (W.D. Mo. Nov. 30, 2011).

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motions for Partial Summary Judgment on Plaintiff's Second Cause of Action & Plaintiff's Claim for Attorney's Fees as Consequential Damages
Page 17 of 24

Case 3:20-cv-00178-SLG   Document 87   Filed 09/30/21   Page 17 of 24

By contrast, Ms. Lindfors' reliance on *Kackman* and *Werley* is unavailing. Both those cases involved the operation of conflicting "other insurance" clauses.[68] In *Kackman*, the plaintiff had insurance policies from two insurers that each provided that the "policy, if applicable, [was] only applicable to the extent that it provide[d] a greater uninsured motorist coverage limit than [did] the [other insurance] policy, and only for the difference which [was] excess."[69] The interaction between these policies had the potential to "cause[] a circularity, with each insurance company claiming that the other must pay first," as well as result in a windfall to one insurer if each policy had the same coverage limit.[70] The *Kackman* court resolved this issue by concluding that the clauses should be "disregarded" and that the "claimant [was] entitled to recover up to the full coverage afforded by both insurance carriers."[71] The Supreme Court of Alaska adopted the same approach two years later in *Werley*.[72] Neither of those holdings are relevant to the instant motion, though, because Ms. Lindfors seeks to stack her own policies from the same insurer rather than avoiding the operation of conflicting "other insurance" provisions.

---

[68] *See Kackman*, 319 F. Supp. at 541; *Werley*, 498 P.2d at 113–14.

[69] *Kackman*, 319 F. Supp. at 541.

[70] *Id.*

[71] *Id.* at 542.

[72] *See Werley*, 498 P.2d at 119. In *Werley*, both parties in a collision held policies from the same insurer with conflicting "other insurance" provisions. *See id.* at 114.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motions for Partial Summary Judgment on Plaintiff's Second Cause of Action & Plaintiff's Claim for Attorney's Fees as Consequential Damages
Page 18 of 24

Case 3:20-cv-00178-SLG   Document 87   Filed 09/30/21   Page 18 of 24

In sum, both the policy language and case law interpreting similar provisions indicate that Ms. Lindfors' policy unambiguously precludes the stacking of med pay and UIM coverage. And because the anti-stacking provision applies, State Farm cannot have breached its med pay obligations to Ms. Lindfors solely by virtue of refusing to stack her three policies.

## III. Attorney's Fees

State Farm also asks this Court to find that Ms. Lindfors cannot seek attorney's fees as consequential damages as a matter of law.[73] Alaska law governs this issue because state law on attorney's fees applies in diversity cases.[74]

In support of its motion, State Farm cites *Alaska Pacific Assurance Co. v. Collins*, an Alaska Supreme Court case in which the trial court had permitted the jury to award full attorney's fees to a contractor as damages for his tort claim against his general liability insurer.[75] In addition to the jury's fee award, the trial court awarded the contractor attorney's fees pursuant to Alaska Rule of Civil Procedure 82's schedule for calculating such awards.[76] The Alaska Supreme Court held that the superior court erred in allowing the jury to award attorney's fees in addition to awarding fees under Alaska Rule of Civil Procedure 82 because

---

[73] Docket 46 at 1.

[74] See *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 973–74 (9th Cir. 2013).

[75] Docket 46 at 1–2; 794 P.2d 936, 937, 940 (Alaska 1990). The contractor, like Ms. Lindfors, alleged that his insurer violated the implied covenant of good faith and fair dealing. *Id.* at 937.

[76] *Collins*, 794 P.2d at 949; *see also* Alaska R. Civ. 82(b).

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motions for Partial Summary Judgment on Plaintiff's Second Cause of Action &
Plaintiff's Claim for Attorney's Fees as Consequential Damages
Page 19 of 24

Case 3:20-cv-00178-SLG   Document 87   Filed 09/30/21   Page 19 of 24

Alaska trial courts "are precluded from awarding fees other than those allowed by 'rule or order'" and no other legal basis existed for the jury's award.[77] State Farm contends that *Collins* is "dispositive" of the issue presented in the instant motion, reading the case to hold that a plaintiff cannot claim attorney's fees as an item of damages.[78]

In response, Ms. Lindfors asserts that State Farm has not met its burden under the summary judgment standard because it relies only on *Collins*, which Ms. Lindfors contends is not controlling for several reasons.[79] First, Ms. Lindfors maintains that *Collins* is not fully applicable because it concerned tort damages and thus does not control whether attorney's fees are available as damages for her breach of contract claim.[80] Second, she contends that the Alaska Supreme Court's statement about attorney's fees is dicta because the court ultimately remanded the case for retrial and prefaced its discussion of damages by stating that it would "address certain of the parties' claimed errors in order to provide guidance for the retrial."[81] Third, Ms. Lindfors asserts that the *Collins* court's statement is limited by the qualifier that "no other legal basis for the attorney's fee

---

[77] *Collins*, 794 P.2d at 948–49.

[78] Docket 46 at 1–2.

[79] Docket 51 at 2.

[80] Docket 51 at 2.

[81] *Collins*, 794 P.2d at 948; Docket 51 at 5.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motions for Partial Summary Judgment on Plaintiff's Second Cause of Action & Plaintiff's Claim for Attorney's Fees as Consequential Damages
Page 20 of 24

Case 3:20-cv-00178-SLG   Document 87   Filed 09/30/21   Page 20 of 24

award" existed in that case.[82] She notes that "Alaska has recognized entitlement to full attorney's fees on public policy grounds" and suggests that doing so is appropriate here because "attorneys' fee awards are a needed incentive for insurers to timely seek IME opinions when such opinions could avoid the need for an insured to file suit in the first place."[83] Fourth, Ms. Lindfors suggests that parties' conduct can affect "whether the civil rule controls," citing *Green v. Allstate Insurance Co.*, in which the district court noted that an insurer may be liable for full attorney's fees when the insurer "abuses its position and brings a bad faith lawsuit to challenge patently valid claims."[84] Ms. Lindfors also highlights several disputed facts in this litigation, which she contends demonstrate that State Farm "fails in the movant's burden to prove the absence of a genuine issue of material fact."[85]

In reply, State Farm asserts that "[t]here are no 'factual disputes' that impact a decision" on the instant motion.[86] State Farm also maintains that *Collins*' discussion of damages is not dicta, noting that—despite the remand—"there is no

---

[82] *Collins*, 794 P.2d at 949; Docket 51 at 5.

[83] Docket 51 at 5–6, 12–13.

[84] Docket 51 at 13–15; Case No. 3:11-cv-00210-TMB, 2015 WL 10939709, at *10 (D. Alaska Mar. 26, 2015).

[85] *See* Docket 51 at 11.

[86] Docket 59 at 2.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motions for Partial Summary Judgment on Plaintiff's Second Cause of Action &
Plaintiff's Claim for Attorney's Fees as Consequential Damages
Page 21 of 24

Case 3:20-cv-00178-SLG   Document 87   Filed 09/30/21   Page 21 of 24

suggestion that the Court's decision was premised on what liability facts might ultimately be proven at trial."[87]

It is not obvious that *Collins* controls the instant motion. The Alaska Supreme Court's discussion of damages in that case may well be dicta; given that the court remanded the case for retrial based on other errors, addressing the parties' arguments regarding damages was "unnecessary to the decision in the case,"[88] and the court explicitly framed its discussion as "guidance."[89] Nonetheless, the Alaska Supreme Court has noted on several other occasions that attorney's fees are generally "not recoverable as damages."[90] Rather, attorney's fees are generally "recoverable only as an attorney's fee award under Alaska Civil

---

[87] Docket 59 at 3.

[88] *Best Life Assurance Co. of Cal. v. C.I.R.*, 281 F.3d 828, 833–34 (9th Cir. 200) (quoting *Obiter dictum*, Black's Law Dictionary (7th ed. 1999)). Of course, dicta may still be persuasive. *See id.* at 834.

[89] *Collins*, 794 P.2d at 948.

[90] *Sisters of Providence in Wash. v. A.A. Pain Clinic, Inc.*, 81 P.3d 989, 1008 (Alaska 2003); *see also Gefre v. Davis Wright Tremaine, LLP*, 306 P.3d 1264, 1281 (Alaska 2013); *ASRC Energy Servs. Power & Commc'ns, LLC v. Golden Valley Elec. Ass'n*, 267 P.3d 1151, 1165 (Alaska 2011); *Martin v. Dieringer*, Case No. S-12733, 2008 WL 3982071, at *4 (Alaska Aug. 27, 2008); *Fairbanks Fire Fighters Ass'n Local 1324 v. City of Fairbanks*, 934 P.2d 759, 761 n.5 (Alaska 1997); *Ehredt v. DeHavilland Aircraft*, 705 P.2d 446, 452 n.8 (Alaska 1985). On one of these occasions, the case concerned claims that a party breached their fiduciary duty. *See Martin*, 2008 WL 3982071, at *1–2. One exception to the general rule is when a party seeks to recover expenses from litigation against a third party that were incurred due to the opposing party's wrongdoing. *See Gefre*, 306 P.3d at 1281; Martin, 2008 WL 398071, at *4. Two of the cases Ms. Lindfors cites concern this exception, which is not relevant to this litigation. Docket 51 at 6 n.22; *Sauer v. Home Indem. Co.*, 841 P.2d 176, 183–84 (Alaska 1992); *Afcan v. Mut. Fire, Marine & Island Ins. Co.*, 595 P.2d 638, 646 (Alaska 1979).

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motions for Partial Summary Judgment on Plaintiff's Second Cause of Action & Plaintiff's Claim for Attorney's Fees as Consequential Damages
Page 22 of 24

Rule 82."[91]  And Rule 82 specifically provides that "*the court* shall determine attorney's fees" in all matters except default judgments, for which the Clerk of Court may determine fees.[92]  Thus, even setting aside *Collins*, Alaska law plainly precludes the relief Ms. Lindfors seeks.  Ms. Lindfors cannot seek attorney's fees as consequential damages from a jury; rather, she is limited to requesting a post-verdict award from the Court under Rule 82 if she prevails in this litigation.[93]

## CONCLUSION

For the above reasons, the Court finds, as a matter of law, that (1) the med pay and UIM coverage in Ms. Lindfors' policies do not stack; and (2) attorney's fees cannot be sought as consequential damages.  Because State Farm has paid Ms. Lindfors up to the available med pay limit under one policy, the Court will grant

---

[91] *Gefre*, 306 P.3d at 1281. Ms. Lindfors is mistaken in asserting that *Green* indicates that the parties' conduct may influence whether Rule 82 applies.  *Green*'s discussion concerned the circumstances under which a court may deviate from Rule 82(b)(1)'s schedule to award full attorney's fees, not whether such fees could be awarded as an item of damages, nor whether a party's bad-faith actions could remove a case from the ambit of Rule 82.  *See Green*, 2015 WL 10939709, at *10 ("An insurer that abuses its position and brings a bad faith lawsuit to challenge patently valid claims can be liable for full attorney's fees *under Rule 82*." (emphasis added)).  As the court noted in *Collins*, there are "statutory and public policy exception[s] to Civil Rule 82." *See Collins*, 794 P.2d at 949 n.15.  But no statutory exception applies here, and, while "public policy exceptions" provide justification for deviation from Rule 82's schedule of partial fees, they do not remove a fee award from Rule 82 completely.  Thus, regardless of whether public policy considerations warrant variance from the Rule 82 schedule, the discretion to award attorney's fees still lies with the court, not the jury.

[92] Alaska R. Civ. 82(d) (emphasis added).

[93] While Ms. Lindfors is correct that a court may deviate from Rule 82's schedule in cases of "vexatious or bad faith conduct," the Court's discretion in that regard is not at issue in the instant motion.  *See* Alaska R. Civ. 82(b)(3)(G).  The Court will consider whether such a variation is warranted if Ms. Lindfors prevails in this litigation and files a motion seeking attorney's fees under Rule 82.  *See* Alaska R. Civ. 82(c).

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motions for Partial Summary Judgment on Plaintiff's Second Cause of Action &
Plaintiff's Claim for Attorney's Fees as Consequential Damages
Page 23 of 24

State Farm's request for summary judgment on Ms. Lindfors' second cause of action alleging breach of contract under the med pay coverage. Therefore, Defendant's Motion at Docket 33 is GRANTED. It is further ordered that Defendant's Motion for Partial Summary Judgment on Plaintiff's Claim for "Attorney's Fees" as Consequential Damages at Docket 46 is GRANTED.

DATED this 30th day of September, 2021 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Motions for Partial Summary Judgment on Plaintiff's Second Cause of Action &
Plaintiff's Claim for Attorney's Fees as Consequential Damages
Page 24 of 24

Case 3:20-cv-00178-SLG   Document 87   Filed 09/30/21   Page 24 of 24