# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CORINNE LINDFORS,<br><br>             Plaintiff,<br><br>   v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>             Defendant. | Case No. 3:20-cv-00178-SLG |

## ORDER RE PLAINTIFF'S DISCOVERY MOTION

Before the Court at Docket 85 is Plaintiff Corinne Lindfors' discovery motion (entitled "Plaintiff's 'Discovery Motions' Arising from State Farm's 4,735-Page Production on August 13, 2021 and 128-Page Production on September 22, 2021"). Defendant State Farm Mutual Automobile Insurance Company ("State Farm") responded in opposition at Docket 88. Ms. Lindfors replied at Docket 90. Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

This litigation stems from a dispute between Ms. Lindfors and State Farm regarding insurance coverage for injuries Ms. Lindfors sustained in a January 2019 motor vehicle collision.[1] At the time, Ms. Lindfors had three automobile insurance

---

[1] *See* Docket 1-1.

policies from State Farm insuring three different vehicles,[2] each of which included underinsured motorist (UIM) coverage with limits of $250,000/person or $500,000/accident and "med pay" coverage in the amount of $25,000/person.[3] Ms. Lindfors notified State Farm of her med pay and UIM claims arising from the accident, which State Farm valued at $152,874.12.[4]

Ms. Lindfors disagreed with this valuation decision and ultimately commenced an action against State Farm in the Superior Court for the State of Alaska on June 15, 2020, asserting breach of contract and "bad faith" claims, and seeking recovery of compensatory, punitive, and consequential damages.[5] Her bad faith claims, in part, assert that State Farm violated "its own policy language and claims handling guidelines" in handling Ms. Lindfors' claims.[6] State Farm's Auto Claims Manual provides that claim specialists must engage in "current value focused file handling"— considering "all relevant information available to date" and "evaluat[ing] a claim with the ultimate goal of concluding that claim in a fair and reasonable manner."[7] Each time they review a file, the claim specialist should consider whether "additional investigation is reasonably necessary to finalize the

---

[2] Docket 1-1 at 2, ¶¶ 5–6; Docket 6 at 2, ¶ 5.

[3] Docket 1-1 at 3, ¶ 7; Docket 6 at 3, ¶ 7.

[4] Docket 1-1 at 5, 7, ¶¶ 15, 20.

[5] Docket 1-1 at 11–17.

[6] *See* Docket 1-1 at 15, ¶ 56.

[7] Docket 74-2 at 2 (Ex. 33).

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Plaintiff's Discovery Motion
Page 2 of 20
Case 3:20-cv-00178-SLG   Document 94   Filed 12/28/21   Page 2 of 20

liability and damage determination," and "[s]ettlement should be attempted as soon as current value is established and necessary investigation complete. . . ."[8]

On July 24, 2020, State Farm removed the case to this Court on the basis of diversity jurisdiction.[9] Ms. Lindfors opposed removal as untimely, asserting that State Farm received the complaint more than thirty days before it filed its notice of removal.[10] The Court determined that removal was timely because State Farm did not receive the summons until July 6, 2020, even if it was in actual receipt of the complaint more than thirty days before removal.[11]

On August 13, 2021, State Farm produced an updated version of its entire claim file numbering 4,735 pages.[12] Because this production came shortly before the close of discovery, the Court granted Ms. Lindfors a fourteen-day extension of time to file discovery motions regarding this production.[13] On September 22, 2021, the day before Ms. Lindfors' extended deadline for discovery motions, State Farm

---

[8] Docket 74-2 at 2–3 (Ex. 33).

[9] Docket 1 at 2, ¶¶ 2–3.

[10] Docket 11 at 13–15; *see also* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .").

[11] Docket 23 at 9–11; *see also Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347–48 (1999).

[12] *See* Docket 66-6 at 2 (Ex. F).

[13] *See* Docket 78 at 11.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Plaintiff's Discovery Motion
Page 3 of 20
Case 3:20-cv-00178-SLG   Document 94   Filed 12/28/21   Page 3 of 20

produced its Eighth Supplemental Initial Disclosures, which totaled 128 pages.[14] The disclosures included an updated Auto Injury Evaluation from Team Manager Cindy Morrow, dated September 21, 2021, which increased the total estimated value of Ms. Lindfors' claims to a range of $224,057.87 to $312,942.13.[15] Ms. Lindfors notes that previous Auto Injury Evaluations have included "a new increase in authorization as to payable UIM benefits" but that the September 21 evaluation does not include such an authorization.[16]

Ms. Lindfors filed the instant motion on September 23, 2021, making a variety of discovery requests regarding State Farm's August 13 production and September 22 disclosures.

## DISCUSSION

### I. Timeliness of Removal

Ms. Lindfors first contends that a claim file entry contained in State Farm's August 13, 2021 production suggests that the insurer actually received the summons and complaint on June 18, 2020—eighteen days earlier than it claimed when seeking removal.[17] The claim file entry, dated June 18, contains a

---

[14] *See* Docket 85-1 at 2, ¶ 3 (Fannon Aff.); Docket 85-1 at 6–7 (Ex. 34).

[15] Docket 85-1 at _ (Ex. 35).

[16] Docket 85-1 at 2-3, ¶ 4 (Fannon Aff.).

[17] *See* Docket 85 at 3–4; Docket 85-1 at 32 (Ex. 37); Docket 19-1 at 2, ¶ 3 (Colbo Aff.) (stating that State Farm received the summons and complaint on July 6, 2020).

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Plaintiff's Discovery Motion
Page 4 of 20
Case 3:20-cv-00178-SLG   Document 94   Filed 12/28/21   Page 4 of 20

"Description" field reading simply "Summons & Complaint."[18] Ms. Lindfors asserts that State Farm must "explain whether it needs to correct the record" and suggests that remand may be necessary because State Farm's July 24, 2020 notice of removal was not timely if the clock began running on June 18, 2020.[19] State Farm responds that "what [it] received on June 18, 2020 was not anything that was formally served as required under the law."[20] It explains that its counsel had obtained a copy of the summons and complaint from the Anchorage Superior Court on that date but maintains that it did not receive service of the summons by formal process until June 30, 2020.[21] State Farm also notes that the claim file entry in question was not newly disclosed on August 13, 2021, as Ms. Lindfors appear to suggest, but rather was originally disclosed with State Farm's initial production of the claim file on September 17, 2020.[22]

Ms. Lindfors' contention is unavailing—even if properly raised in a motion to remand, it would be untimely. "A motion to remand [a] case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days of the filing of notice of removal."[23] Because "[u]ntimely removal is a procedural

---

[18] Docket 85-1 at 32 (Ex. 37).

[19] Docket 85 at 4; *see also* 28 U.S.C. § 1446(b)(1).

[20] Docket 88 at 3.

[21] Docket 88 at 3–4; Docket 88-2 at 1 (Ex. B).

[22] *See* Docket 88 at 3; Docket 88-1 at 5 (Ex. A).

[23] 28 U.S.C. § 1447(c).

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Plaintiff's Discovery Motion
Page 5 of 20
Case 3:20-cv-00178-SLG   Document 94   Filed 12/28/21   Page 5 of 20

defect and not jurisdictional," Ms. Lindfors' claim is not timely because more than thirty days have passed since State Farm's notice of removal.[24]

Moreover, even if Ms. Lindfors had made a timely motion to remand, the claim file entry in question would not alter this Court's earlier conclusion that State Farm's notice of removal was timely.[25] 28 U.S.C. § 1446(b)(1), which governs the procedure for removal of civil actions, provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

In *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, the U.S. Supreme Court interpreted § 1446(b)(1) to mean that the 30-day removal period does not begin running until a party is served with the summons and receives a copy of the complaint.[26]

Section 1446(b)(1) provides that receipt of the complaint "through service or otherwise" will suffice; that is, formal service of the complaint is not necessary if

---

[24] *Maniar v. F.D.I.C.*, 979 F.2d 782, 784 (9th Cir. 1992); *see also Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014); *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995) ("A remand motion based on a defect in removal procedure must be filed within 30 days after the notice of removal is filed.").

[25] The Court addresses the merits of Ms. Lindfors' argument despite its untimeliness because Ms. Lindfors also relies on State Farm's allegedly improper removal as one basis for requesting *in camera* review of the redacted claim file notes. *See* Docket 90 at 9–10 ("Normally a party has to support 'allegations' of civil fraud under the *Werley* standard to justify an *in camera* review. . . . [T]he fact that State Farm arguably filed a false affidavit which they did not correct when given an opportunity to do so, suggests the insurer to be less than candid.").

[26] 526 U.S. 344, 347–48 (1999).

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Plaintiff's Discovery Motion
Page 6 of 20
Case 3:20-cv-00178-SLG   Document 94   Filed 12/28/21   Page 6 of 20

the defendant has received the complaint through other means. By contrast, the summons must be formally served to trigger the thirty-day removal period. Section 1446's language makes this clear—discussing "*service* of the summons," as opposed to "receipt by the defendant, through service *or otherwise*, of a copy of the initial pleading setting forth the claim for relief."[27] *Murphy Bros.* also evinces this understanding, providing that "if the complaint is filed in court prior to any service, the removal period runs from the service of the summons."[28] Indeed, *Murphy Bros.* expressly rejected the "receipt rule"—an interpretation of § 1446(b)(1) that would "start[] the time to remove on receipt of a copy of the complaint, however informally, despite the absence of any formal service."[29]

It appears that State Farm was in actual receipt of Ms. Lindfors' complaint by June 18, 2020.[30] However, it was not until July 6, 2020 that State Farm was formally served with the summons. Alaska law requires any insurer operating in the state to appoint the Director of the Alaska Division of Insurance to receive service on its behalf and provides that "[p]rocess served upon the director [of insurance] and the copy forwarded . . . constitutes service upon the insurer."[31] Ms.

---

[27] 28 U.S.C. § 1446(b)(1) (emphases added).

[28] 526 U.S. at 354; *see also id.* at 352 ("Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in civil action or forgo procedural or substantive rights.").

[29] *See* 526 U.S. at 356.

[30] *See* Docket 85-1 at 32 (Ex. 37); Docket 88 at 3–4.

[31] Alaska Stat. §§ 21.09.180, 21.09.190(b).

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Plaintiff's Discovery Motion
Page 7 of 20
Case 3:20-cv-00178-SLG   Document 94   Filed 12/28/21   Page 7 of 20

Lindfors served the Director of Insurance via certified mail on June 30, 2020, and State Farm received the forwarded documents from the Division of Insurance on July 6, 2020.[32] Thus, even if State Farm received an unofficial copy of the summons on June 18, the removal clock did not start running until July 6—placing State Farm's July 24 notice of removal well within the thirty-day period.

## II. Attorney-Client privilege

Next, Ms. Lindfors contends that State Farm improperly asserted the attorney-client privilege and the work product doctrine as grounds to withhold a claim file note containing instructions from Ms. Morrow to Claims Specialist Linda Perkins on June 16, 2020 at 1:26 pm.[33] The instructions, produced for the first time on August 13, 2021, read:

> Linda [Perkins]: As we discussed, please respond to insd atty letter and advise of the details of our evaluation to include the provider name, the billed amount, considered amount and the reason for any difference. I note that you have already provided a copy of insd policy to the insd atty. Advise the atty we have some room to negotiate settlement and would be happy to discuss same with him to resolve the claim for our insured."[34]

---

[32] Docket 16-1 at 2; Docket 19-1 at 2, ¶ 3; *see also* Docket 23 at 9–10.

[33] Docket 85 at 8.

[34] Docket 85-1 at 20–21 (Ex. 37).

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Plaintiff's Discovery Motion
Page 8 of 20

State Farm previously withheld these instructions, claiming that the note was subject to the attorney-client privilege and work-production protection because it concerned a "communication with counsel."[35]

Ms. Lindfors asserts that State Farm deliberately mischaracterized the instructions as privileged as a tactic to delay discovery and conceal material information.[36] She contends that State Farm's mischaracterization of the instructions as privileged, as well as other aspects of State Farm's claims handling and litigation conduct, may constitute "civil fraud."[37] She asks the Court to compel State Farm to produce all of its previously redacted claim file notes for *in camera* review so that the Court may determine whether any portions of those notes were improperly withheld from discovery.[38]

State Farm appears to concede that the June 16, 2020 instructions are not subject to the attorney-client privilege or work-product protection but asserts that it made a "good faith effort to comply with its obligations under the discovery

---

[35] *See* Docket 85-1 at 43 (Ex. 39) (privilege log); Docket 85-1 at 33–39 (Ex. 38) (redacted portions of claim file note).

[36] Docket 85 at 8–9, 22–23. Ms. Lindfors maintains that Ms. Morrow's instructions are material because they are "helpful to [her] punitive damages theory." Docket 85 at 10–11, 23.

[37] State Farm interprets this contention as an attempt to invoke the civil-fraud exception to the attorney-client privilege and asserts that the exception does not apply. *See* Docket 88 at 6–8; *see also United Servs. Auto. Ass'n v. Werley*, 526 P.2d 28, 31–32 (Alaska 1974) (discussing Alaska's version of the exception). However, Ms. Lindfors does not appear to rely on the civil-fraud exception in the instant motion because she does not contend that State Farm's actually privileged communications should be produced but rather that State Farm has inaccurately characterized certain claim file notes as protected by the attorney-client privilege. *See* Docket 85 at 23.

[38] Docket 85 at 22–23.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Plaintiff's Discovery Motion
Page 9 of 20
Case 3:20-cv-00178-SLG   Document 94   Filed 12/28/21   Page 9 of 20

rules."[39] It explains that it initially overlooked the non-privileged nature of Ms. Morrow's instructions because they were "part of a larger entry that did involve attorney-client privileged communications."[40] When reviewing the claim file in preparation for producing an updated copy of it, State Farm's counsel determined that Ms. Morrow's instructions should be un-redacted because they "did not appear to involve a summary of discussions with counsel."[41]

The Court finds that Ms. Lindfors has not made a sufficient showing based on the recent disclosure of Ms. Morrow's instructions to warrant this Court's review of all the redacted claim file notes. The initial redaction of the instructions was one oversight among thousands of pages, and State Farm's explanation for its error is credible given the content of Ms. Morrow's instructions and their proximity to other redacted portions of the claim file. Indeed, the fact that State Farm disclosed Ms. Morrow's instructions upon realizing its mistake evidences its good-faith efforts to comply with its ongoing discovery obligations.

### III. Med Pay Handling

Ms. Lindfors next points to a newly disclosed claim file note written by Jessi Dang, a former State Farm Claims Associate, dated June 17, 2020. The note reads: "Task: PIP/MPC [Med Pay]: DA [defense attorney] suggested MPC address

---

[39] Docket 88 at 7.

[40] Docket 88 at 5.

[41] Docket 88 at 5, 7–8.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Plaintiff's Discovery Motion
Page 10 of 20
Case 3:20-cv-00178-SLG   Document 94   Filed 12/28/21   Page 10 of 20

I/A's [insured's attorney's] letter."[42] Ms. Dang's note references a May 12, 2020 letter to State Farm from Ms. Lindfors' counsel that, *inter alia*, discussed Ms. Lindfors' objections to State Farm's med pay coverage position.[43] Ms. Lindfors asserts that Ms. Dang's June 17 note is a "significant, material, new disclosure" because it "is evidence of State Farm not following the 'suggestion' of counsel to explain its coverage position" and "calls into question whether State Farm was following its own Manual, putting the responsibility on addressing coverage on the Claim Specialist, or if it was allowing some lawyer to derail its normal procedure."[44] She asks to depose "a med pay adjuster with knowledge of Lindfors' med pay claims handling" regarding Ms. Dang's June 17, 2020 note.[45] Ms. Lindfors also contends that Ms. Dang's note "open[s] the door" to the content of State Farm's then–counsel's suggestion because it "discloses the fact of attorney advice and its content." She asserts that she is "entitled to know the content of that specific suggestion so she can tell the jury that State Farm did not follow this advice."[46]

State Farm first responds that "nothing about the handling of the MPC claim is relevant to the claims asserted in this case," pointing to this Court's recent order granting partial summary judgment for State Farm on Ms. Lindfors' second cause

---

[42] Docket 85 at 12–13 (alterations in original) (quoting Docket 85-1 at 24–25 (Ex. 37)).

[43] *See* Docket 26-6 at 7.

[44] Docket 85 at 13–14.

[45] Docket 85 at 23; Docket 90 at 8.

[46] Docket 85 at 23; *see also* Docket 90 at 8.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Plaintiff's Discovery Motion
Page 11 of 20
Case 3:20-cv-00178-SLG   Document 94   Filed 12/28/21   Page 11 of 20

of action, which alleged breach of contract under her med pay coverage based on State Farm's refusal to "stack" her three policies.[47] The insurer goes on to assert that deposing Ms. Dang or another employee about the June 17, 2020 file note is unnecessary because "the explanation for why no one from MPC sent a written response to plaintiff is found in a file note entered on June 18, 2020."[48] That note, also written by Ms. Dang, states that she contacted Ms. Lindfors' counsel, Mr. Fannon, who informed her that Ms. Lindfors had filed suit and that further communications should go through defense counsel.[49] Finally, State Farm maintains Ms. Dang's note "does not result in a waiver of attorney-client privilege."[50]

As an initial matter, this Court's partial summary judgment order does not, as State farm suggests, render all med pay claims handling irrelevant. The Court granted summary judgment on Ms. Lindfors' second cause of action because the Court found that the policy language precluded med pay stacking, meaning that State Farm's $25,000 payment to Ms. Lindfors satisfied the insurer's med pay obligations.[51] However, the partial summary judgment order did not address Ms.

---

[47] Docket 88 at 8; *see also* Docket 87 at 23–24.

[48] Docket 88 at 8.

[49] Docket 88-3 at 1 (Ex. C).

[50] Docket 88 at 8.

[51] *See* Docket 87 at 7, 23–24.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Plaintiff's Discovery Motion
Page 12 of 20
Case 3:20-cv-00178-SLG   Document 94   Filed 12/28/21   Page 12 of 20

Lindfors' third cause of action alleging first-party bad faith, to which State Farm's med pay claims handling process may still be relevant.[52]

However, the Court is not persuaded that Ms. Dang's newly disclosed note justifies an additional deposition. While Ms. Lindfors discusses various ways in which Ms. Dang's note may be relevant to her claims, she has not explained what an additional deposition would achieve. Further, the fact that Ms. Dang's note references advising defense counsel of State Farm's position does not warrant the invasion of the attorney-client privilege, and Ms. Lindfors cites no authority for this proposition.

## IV. UIM Handling

Ms. Lindfors requests an additional three hours per witness to depose Ms. Perkins, Ms. Morrow, Section Manager Lilliam Romero, and "[w]homever authorizes additional UIM benefits" regarding State Farm's post-Complaint claims handling, including Ms. Morrow's September 21, 2021 update to the claim evaluation.[53] She contends this extra deposition time is warranted because the August 13 production and September 22 disclosures "show State Farm repeatedly and materially changing the basis for claim evaluation post-Complaint."[54]

---

[52] *See* Docket 1-1; Docket 87.

[53] Docket 85 at 24.

[54] Docket 85 at 24.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Plaintiff's Discovery Motion
Page 13 of 20
Case 3:20-cv-00178-SLG   Document 94   Filed 12/28/21   Page 13 of 20

State Farm responds that additional deposition time is not warranted because Ms. Lindfors has not demonstrated that she had insufficient time to depose the witnesses in question.[55] The insurer notes that Ms. Lindfors has already spent close to seven hours deposing each of State Farm's claims personnel about the original claim evaluation and the updated evaluation completed in May 2021.[56] And it asserts that "[t]he fact that the evaluation has been updated slightly since that time does not justify subjecting those deponents to another three hours of deposition time each."[57] State Farm suggests that the reasons for this "slight update" are clear: "[D]uring the depositions of State Farm's Claims Personnel, it became evident that some medical billing information had been missed in its evaluation and all three deponents testified the evaluation would be updated."[58] Because State Farm has already produced "the three documents encompass[ing] the entirety of the updated evaluation," in which "one can easily track what changes have been made to the evaluation," it maintains that no further deposition time is necessary to probe this change.[59] If the Court should permit additional deposition time, State Farm suggests that Ms. Lindfors should be limited

---

[55] Docket 88 at 9–10.

[56] Docket 88 at 9–10.

[57] Docket 88 at 10.

[58] Docket 88 at 11.

[59] Docket 88 at 11 (citing Docket 88-4 at 4–10 (Ex. D)).

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Plaintiff's Discovery Motion
Page 14 of 20

to fifteen minutes per witness that is solely focused on the basis for the updated evaluation.[60]

Ms. Lindfors also requests that her claims handling expert Steven Strzelec be allowed to produce a supplemental report based on "all the new information as to claims handling . . . [and] any new UIM claims handling State Farm still has in the pipeline."[61] She suggests that the supplemental report be due within thirty days of "State Farm indicating by writing that it has finally 'completed' its UIM evaluation."[62] State Farm asserts that this request is "impossible to grant" because, "[a]s plaintiff has repeatedly asserted, State Farm's claims personnel have an obligation to, and will, continue to update the evaluation as new information is received."[63] The insurer also maintains that if Mr. Strzelec is permitted to issue a supplemental report, State Farm's claims expert should also have the opportunity to do so.[64]

Lastly, Ms. Lindfors asks the Court to compel State Farm to produce the remainder of its claims file "since the last claim note entry the insurer produced was dated in May of 2021."[65] State Farm objects that it "does not know what

---

[60] Docket 88 at 11–12.

[61] Docket 85 at 22 (emphasis omitted).

[62] Docket 85 at 22.

[63] Docket 88 at 4.

[64] Docket 88 at 5.

[65] Docket 85 at 24.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Plaintiff's Discovery Motion
Page 15 of 20
Case 3:20-cv-00178-SLG   Document 94   Filed 12/28/21   Page 15 of 20

plaintiff would consider 'the rest of its claim file,' so what would be produced would be yet another copy of the entire claim file, which would contain a lot of the same duplicative information about which plaintiff would undoubtedly complain."[66]

The Court finds there is good cause to justify limited additional deposition time with each of the four employees identified above. The September 21, 2021 update to the claim evaluation happened after the close of discovery—thus, the issue is not whether Ms. Lindfors had sufficient time at the original depositions but rather that she could not have inquired then about Ms. Morrow's updated evaluation during those depositions because the update had not yet occurred. The Court will thus permit Ms. Lindfors to depose Ms. Morrow, Ms. Perkins, Ms. Romero, and whichever State Farm employee "authorizes additional UIM benefits" for an additional thirty minutes per witness. The additional deposition time must be limited solely to questions concerning the September 21, 2021 updated evaluation and should be concluded no later than **January 21, 2022**. The depositions shall be by videoconference for all participants unless both side agree to in-person depositions.

The Court will also permit both Ms. Lindfors and State Farm to issue supplemental reports from their claims handling experts based on State Farm's recent disclosures and any future productions of the updated claim file. However, the Court acknowledges the validity of State Farm's concern that the nature of the

---

[66] Docket 88 at 18.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Plaintiff's Discovery Motion
Page 16 of 20
Case 3:20-cv-00178-SLG   Document 94   Filed 12/28/21   Page 16 of 20

claims handling process could lead to a never-ending cycle of discovery because the claim file cannot be "completed" while litigation is still ongoing and any updates to the file are likely to spur additional discovery requests.[67] Thus, the Court will impose a cut-off date for production of the claim file: **On or before January 7, 2022**, State Farm must produce an updated claim file through December 31, 2021. Thereafter, both parties may choose to supplement their expert reports **on or before January 28, 2022**.

## V. Claims Manual

Ms. Lindfors notes that "State Farm claims that it still has more claims manual to produce but conditions its production of that claim handling material on Plaintiff signing a confidentiality order."[68] She proposes "that a reasonable protective order be mutually proposed by the parties for the Court's consideration."[69] State Farm responds that it originally proposed a protective order in April 2021, which Ms. Lindfors' counsel ignored.[70] The insurer states that it will produce the relevant documents if Ms. Lindfors agrees to the protective order that State Farm proposed in April but otherwise maintains that the Court should not address Ms. Lindfors' proposal "as the time for plaintiff to have filed a motion to

---

[67] *See* Docket 4, 11 ("State Farm is in a 'no win' situation. Plaintiff demands that State Farm produce any updated evaluation, but when it does, plaintiff not only criticizes State Farm for doing so, but then uses that as an excuse to try to obtain yet more discovery.").

[68] Docket 85 at 24–25.

[69] Docket 85 at 25.

[70] Docket 88 at 18–19; Docket 88-16 (Ex. N) (proposed order); Docket 89 at 7, ¶ 13 (Colbo Aff.).

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Plaintiff's Discovery Motion
Page 17 of 20

address any issues she has with the proposed protective order has long since passed."[71]  The Court agrees with State Farm that Ms. Lindfors' proposal regarding a protective order is not timely.  If Ms. Lindfors elects to agree to the order State Farm proposed in April 2021, the Court will enter that proposed order, but the Court will not require the parties to confer regarding a new proposed protective order at this time.

## VI. Sanctions

Finally, Ms. Lindfors asks that State Farm pay (1) her reasonable attorneys' fees for "reviewing the 4,735-page document dump and briefing the court what the 'new' disclosures were"; and (2) any transcript costs and attorney's fees incurred in conducting the depositions requested in the instant motion.[72]  She suggests that this is an appropriate sanction for State Farm "choosing to hide its new disclosures in a 4,735-page document dump rather than just producing the new disclosures as isolated 'new' disclosures" and "waiting until August 13, 2021 and September 22, 2021 to first make the bulk of its post-Complaint claims handling available to the Plaintiff."[73]

State Farm disputes Ms. Lindfors' characterization of its August 13 production as a "document dump"—maintaining that the production was so lengthy

---

[71] Docket 88 at 19.

[72] Docket 85 at 24.

[73] Docket 85 at 24.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Plaintiff's Discovery Motion
Page 18 of 20
Case 3:20-cv-00178-SLG   Document 94   Filed 12/28/21   Page 18 of 20

because Ms. Lindfors "demanded that State Farm produce its 'complete claim file.'"[74] It observes that "a 'document dump' is typically when a party produces a substantial number of documents, not as they were kept in the ordinary course of business, including a substantial number of wholly irrelevant documents for the purpose of obscuring relevant documents."[75] By contrast, State Farm asserts, everything in the claim file is relevant to Ms. Lindfors' bad faith allegations, and the claim file was produced in the format it is typically kept in pursuant to the Claims Procedures Guide.[76] It also notes that the majority of the information "had previously been produced and the only 'new information' regarding the handling of the claim was readily identified" and excerpted by Ms. Lindfors' counsel for use as exhibits for the August depositions of Ms. Morrow, Ms. Romero, and Ms. Perkins.[77]

The Court finds that State Farm's conduct does not warrant sanctions. As the insurer notes, Ms. Lindfors specifically requested that State Farm produce the "complete claim file," and the entire claim file is relevant to Ms. Lindfors' claims. State Farm produced the file in the format in which it is routinely kept—a format that Ms. Lindfors presumably is familiar with at this point in the litigation. Indeed, Ms. Lindfors' counsel was able to swiftly identify the new information contained in

---

[74] Docket 88 at 11 (citing Docket 88-6 at 4 (Ex. E)).

[75] Docket 88 at 13.

[76] Docket 88 at 13–14.

[77] Docket 88 at 11–12 (citing Docket 88-7 at 2–8 (Ex. F); Docket 88-8 at 11–16 (Ex. G); Docket 88-9 at 14–20 (Ex. H)).

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Plaintiff's Discovery Motion
Page 19 of 20
Case 3:20-cv-00178-SLG   Document 94   Filed 12/28/21   Page 19 of 20

the August 13 production in time for three depositions over the following two weeks. The Court will not order State Farm to pay Ms. Lindfors' attorney's fees for reviewing the August 13 production, and Ms. Lindfors must bear her own transcript costs and attorney's fees associated with additional depositions.

## CONCLUSION

For the foregoing reasons, Plaintiff's Discovery Motion at Docket 85 is GRANTED in part and DENIED in part as set forth herein.

DATED this 28th day of December, 2021 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Plaintiff's Discovery Motion
Page 20 of 20
Case 3:20-cv-00178-SLG   Document 94   Filed 12/28/21   Page 20 of 20