# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CORINNE LINDFORS,<br><br>             Plaintiff,<br><br>     v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>             Defendant. | Case No. 3:20-cv-00178-SLG |

## ORDER RE DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court at Docket 47 is Defendant State Farm Mutual Automobile Insurance Company's ("State Farm's") Motion for Partial Summary Judgment on Plaintiff's Claim for "Litigation Induced Stress" Damages. Plaintiff Corinne Lindfors ("Ms. Lindfors") responded in opposition at Docket 52. State Farm replied at Docket 58. Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

This litigation stems from a dispute between Ms. Lindfors and State Farm regarding insurance coverage for injuries Ms. Lindfors sustained in a January 2019 motor vehicle collision.[1] At the time, Ms. Lindfors had three automobile insurance

---
[1] *See* Docket 1-1.

policies from State Farm insuring three different vehicles,[2] each of which included underinsured motorist (UIM) coverage with limits of $250,000/person or $500,000/accident and "med pay" coverage in the amount of $25,000/person.[3] Ms. Lindfors notified State Farm of her med pay and UIM claims arising from the accident, which State Farm valued at $152,874.12.[4] Ms. Lindfors disagreed with this valuation decision and ultimately commenced an action against State Farm in the Superior Court for the State of Alaska on June 15, 2020, asserting breach of contract and "bad faith" claims, and seeking recovery of compensatory, punitive, and consequential damages.[5] On July 24, 2020, State Farm removed the case to this Court on the basis of diversity jurisdiction.[6]

State Farm filed the instant motion on July 27, 2021, seeking partial summary judgment on Ms. Lindfors' claim for emotional distress damages "to the extent the claimed 'emotional distress' is due to the litigation process itself and positions that State Farm has taken in defending itself."[7]

---

[2] Docket 1-1 at 2, ¶¶ 5–6; Docket 6 at 2, ¶ 5.

[3] Docket 1-1 at 3, ¶ 7; Docket 6 at 3, ¶ 7.

[4] Docket 1-1 at 5, 7, ¶¶ 15, 20.

[5] Docket 1-1 at 11–17.

[6] Docket 1 at 2, ¶¶ 2–3.

[7] Docket 47 at 1.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Defendant's Motion for Partial Summary Judgment
Page 2 of 8
Case 3:20-cv-00178-SLG   Document 95   Filed 12/28/21   Page 2 of 8

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden of showing the absence of a genuine dispute of material fact lies with the moving party.[8] If the moving party meets this burden, the non-moving party must present specific factual evidence demonstrating the existence of a genuine issue of fact.[9]

Whether emotional distress damages are recoverable for a particular harm is a question of law.[10] There are no genuine issues of material fact relevant to the instant motion.[11]

## DISCUSSION

State Farm asks the Court to preclude Ms. Lindfors from seeking damages for stress she has experienced as a result of the litigation process.[12] While Ms. Lindfors does not specifically allege such damages in her complaint, State Farm

---

[8] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[9] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[10] *See Nelson v. Progressive Corp.*, 976 P.2d 859, 868 (Alaska 1999) (holding that emotional distress damages are permissible under a theory of fraud "only when such damages are severe"); *see also Madonna v. Tamarack Air, Ltd.*, 298 P.3d 875, 878 (Alaska 2013).

[11] Whether denominated as a motion for summary judgment or as a motion for a rule of law, the Court intends this order to guide the parties on this legal issue, with further refinement anticipated in the jury instructions.

[12] Docket 47 at 1; *see also* Docket 58 at 1–2 (requesting that the Court preclude Ms. Lindfors from "presenting testimony, evidence or argument regarding the stress associated with litigation itself (i.e. having to appear for a deposition, having to appear for an IME, the time it takes for a lawsuit to proceed etc.)").

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Defendant's Motion for Partial Summary Judgment
Page 3 of 8
Case 3:20-cv-00178-SLG   Document 95   Filed 12/28/21   Page 3 of 8

points to Ms. Lindfors' deposition testimony, in which she stated: "[T]his is an incredibly stressful process for me, this is not – this is – it's just stressful, it's weighing on me, this – this process."[13] State Farm asserts that federal courts have unanimously precluded "claims for stress related to the litigation process itself."[14] The insurer also contends that the Alaska Supreme Court "impliedly held that such damages were not recoverable" in *Buoy v. ERA Helicopters, Inc.*, a case in which the court upheld the superior court's decision to allow a defendant to argue that it was not liable for the plaintiff's "litigation-induced depression."[15]

Ms. Lindfors responds that an insured is "entitle[d] to emotional and financial distress damages for the entire time the insurer acts in bad faith and delays paying insurance proceeds" and that proving those damages requires "a lesser showing than the recovery of emotional distress outside the special relationship arising from the insurance contract."[16] She maintains that all but one of the cases State Farm relies on in the instant motion are not relevant because they were decided in other jurisdictions and did not involve first-party bad faith claims.[17] Ms. Lindfors also

---

[13] Docket 47 at 3 (Ex. A).

[14] Docket 47 at 2–4 (citing *Knussman v. Maryland*, 272 F.3d 625, 641–42 (4th Cir. 2001); *Zimmerman v. Direct Fed. Credit Union*, 262 F.3d 70, 79 (1st Cir. 2001); *Stoleson v. United States*, 708 F.2d 1217, 1223 (7th Cir. 1983); *Flowers v. First Hawaiian Bank*, 295 F. Supp. 2d 1130, 1140 (D. Haw. 2003); *Picogna v. Bd. of Educ. of Twp. of Chery Hill*, 671 A.2d 1035, 1039 (N.J. 1996)).

[15] Docket 47 at 3 (quoting *Buoy v. ERA Helicopters, Inc.*, 771 P.2d 439, 445 (Alaska 1989)).

[16] Docket 52 at 2, 8.

[17] Docket 52 at 5–6 ("[E]mployment contract cases are not relevant authority for what damage are compensable for insurance bad faith.").

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Defendant's Motion for Partial Summary Judgment
Page 4 of 8
Case 3:20-cv-00178-SLG   Document 95   Filed 12/28/21   Page 4 of 8

distinguishes *Buoy*, asserting that that case "addressed the scope of fair cross-examination relative to an expert's opinions on causation" rather than "address[ing] what damages are compensable when an insurer acts in bad faith."[18]

State Farm replies that it "is not disputing that Lindfors is free to attempt to prove that she sustained emotional distress due to the actual pre-litigation handling of her UIM claim" but rather asserting that she cannot recover for "experiencing emotional distress associated with the discovery and motion practice related to pursuing claims against State Farm."[19] The insurer also maintains that "[r]egardless of the type of claim asserted, the legal authority cited by State Farm stands for the common-sense proposition that a plaintiff cannot recover damages based on the fact that it is stressful and can cause anxiety to participate in a lawsuit as a party."[20]

The Alaska Supreme Court has not directly addressed the issue of whether litigants can recover for the emotional distress associated with being a party to litigation.[21] "When the state's highest court has not squarely addressed an issue,"

---

[18] Docket 52 at 7 (emphasis omitted) (citing *Buoy*, 771 P.2d at 441, 444–45).

[19] Docket 58 at 4.

[20] Docket 58 at 2–3.

[21] *See Allen v. State Farm Mut. Auto. Ins. Co.*, Case No. 3:15-cv-0019-HRH, 2018 WL 1474526, at *7 (D. Alaska Mar. 26, 2018). Neither party has identified any Alaska state court case in which a party was permitted to seek damages based on litigation-induced emotional distress, and the Court is not aware of such a case. Successful litigants in first-party bad faith cases in Alaska have seemingly only received damages for emotional distress when that distress was caused by the delay or denial of their insurance claim. *See, e.g.*, *Ennen v. Integon Idem. Corp.*, 268 P.3d 277, 290–91 (Alaska 2012).

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Defendant's Motion for Partial Summary Judgment
Page 5 of 8

a federal court "must 'predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treaties and restatements for guidance.'"[22] The District of Alaska recently made such a prediction in *Allen v. State Farm*, another first-party bad faith case, concluding that "the Alaska Supreme Court would hold that litigation-induced stress is not recoverable, primarily because 'the heavy weight of authority holds that litigation-induced stress is not ordinarily recoverable as an element of damages.'"[23] A survey of federal and state cases that discuss litigation-induced stress supports *Allen*'s determination that such emotional distress is generally not compensable.[24] The Court finds the reasoning of these cases persuasive: "[T]here

---

[22] *First Intercontinental Bank v. Ahn*, 798 F.3d 1149, 1157 (9th Cir. 2015) (quoting *Glendale Assocs., Ltd. v. Nat'l Lab. Relations Bd.*, 347 F.3d 1145, 1154 (9th Cir. 2003)).

[23] *Allen*, 2018 WL 1474526, at *7.

[24] *See, e.g.*, *Knussman*, 272 F.3d at 641–42 (reversing damages award for § 1983 claim because plaintiff's "anxiety and emotional distress in large measure were associated with the litigation of [the] action" and thus not compensable); *Zimmerman*, 262 F.3d at 80 (implying that damages would be "undeserved" if awarded based on "the effects of litigation-induced stress"); *Fees v. Am. Family Life Ins. Co. of Columbus*, Case No. 19-CV-0476-CVE-JFJ, 2021 WL 2104990, at *6 (May 25, 2021) ("[L]itigation-induced distress is not compensable in a bad faith action against an insurer."); *Rainville v. Boxer Blake & Moore PLLC*, Case No. 2:20-cv-0051, 2021 WL 949415, at *10 (D. Vt. Mar. 12, 2021); *Gorawara v. Caprio*, Case No. 3:19-cv-756 (MPS), 2020 WL 5097488, at *7 (D. Conn. Aug. 28, 2020); *Wright v. Watkins & Shepard Trucking, Inc.*, Case No. 2:11-CV-01575-LRH-GWF, 2016 WL 10749220, at *10 (D. Nev. Jan. 19, 2016); *Leporace v. N.Y. Life & Annuity Corp.*, Case No. 11-2000, 2014 WL 1806788, at *3 (E.D. Pa. May 7, 2014); *Karl v. City of Mountlake Terrace*, Case No. C09-1806RSL, 2011 WL 2173848, at *4 (W.D. Wash. June 2, 2011); *Gasque v. Williamsburg Cnty. Sch. Dist.*, Case No. 4:07-cv-01757-RBH, 2009 WL 10711823, at *2 (D.S.C. Oct. 22, 2009); *Flowers*, 295 F. Supp. 2d at 1140; *Blakey v. Continental Airlines, Inc.*, 992 F. Supp. 731, 736 n.3 (D.N.J. 1998); *State ex rel. Universal Underwriters Ins. Co. v. Wilson*, 801 S.E.2d 216, 225 n.18 (W. Va. 2017); *Picogna*, 671 A.2d at 1039; *Torres v. Auto. Club of S. Cal.*, 43 Cal. Rptr. 2d 147, 150–55 (Cal. Ct. App. 1995), *reversed on other grounds*, 937 P.2d 290 (Cal. 1997); *Sch. Dist. No. 1, Multnomah Cnty. v. Nilsen*, 534 P.2d 1135 (Or. 1975); *see also* Barry A. Lindahl, 4 *Modern Tort Law: Liability and Litigation* § 31:2 (2d ed. 2021) ("The majority of the courts which have addressed the issue have

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Defendant's Motion for Partial Summary Judgment
Page 6 of 8
Case 3:20-cv-00178-SLG   Document 95   Filed 12/28/21   Page 6 of 8

is no question that filing a lawsuit . . . is the plaintiff's decision, and imposing additional damages on the defendant for defending against the plaintiff's claim would impair the defendant's right to defend [itself]."[25] Further, the Court agrees with State Farm that the Alaska Supreme Court's reasoning in *Buoy* implicitly relied on the premise that litigation-induced stress is not compensable, as the court held that the superior court did not err by permitting the defendant to question witnesses regarding whether the plaintiff's depression was caused by the underlying helicopter accident or the ensuing litigation.[26] That topic would not have been relevant if the defendant were liable for emotional distress stemming from both the accident and the litigation.[27] Thus, the Court agrees with *Allen*'s conclusion that Alaska law does not allow recovery for emotional distress caused solely by being a party to a lawsuit and having to participate in discovery and trial.

---

treated litigation-induced stress as a non-compensable component of damages."). *But see Jarchow v. Transamerica Title Ins. Co.*, 122 Cal. Rptr. 470, 480–86 (Cal. Ct. App. 1975) (allowing plaintiff to recover for emotional distress associated with litigation).

[25] *Leporace*, 2014 WL 1806788, at *3; *see also Stoleson*, 708 F.2d 1217, 1223 (7th Cir. 1983) ("It would be strange if stress induced by litigation could be attributed in law to the tortfeasor. An alleged tortfeasor should have the right to defend himself in court without thereby multiplying his damages . . . .").

[26] *Buoy*, 771 P.2d at 443–44.

[27] *See id.* at 444 ("[O]ne of the central issues at trial was whether the helicopter accident was a substantial factor in causing Glen Buoy's depression. The Buoys introduced evidence that the crash led to Glen Buoy's mental condition, as well as evidence that the litigation did not cause or worsen his depression. However, the verdict rendered by the first jury was clearly less than Buoy had hoped for. Therefore, ERA was entitled to test the weight of Dr. Green's assertion that the litigation did not affect Buoy's mental condition by inquiring into whether Buoy's disappointment in the first jury's verdict deepened his depression.").

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Defendant's Motion for Partial Summary Judgment
Page 7 of 8

Case 3:20-cv-00178-SLG   Document 95   Filed 12/28/21   Page 7 of 8

However, the Court disagrees with the assumption State Farm appears to make in its Reply that Ms. Lindfors may only seek damages for emotional distress associated with events that occurred pre-litigation.[28] If Ms. Lindfors prevails on her bad faith claims, she may "be able to recover damages for the emotional distress related to the delay in payment of [her] UIM claim," which could include delay during the period of litigation.[29]

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment at Docket 47 is GRANTED as set forth herein.

DATED this 28th day of December, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[28] *See* Docket 58 at 1–2 (asserting that the "stress associated with litigant itself" includes "the time it takes for a lawsuit to proceed"); *id.* at 4 ("State Farm is not disputing that Lindfors is free to attempt to prove that she sustained emotional distress due to the actual *pre-litigation handling* of her UIM claim . . . ." (emphasis added)).

[29] *Allen*, 2018 WL 1474526, at *8 (citing *Ennen*, 268 P.3d at 291). To the extent it is difficult to disentangle delay or bad faith in the post-complaint claims handling process from litigation conduct, that is a topic that can be refined in the jury instructions.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Defendant's Motion for Partial Summary Judgment
Page 8 of 8
Case 3:20-cv-00178-SLG   Document 95   Filed 12/28/21   Page 8 of 8