# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CORINNE LINDFORS, <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, <br><br> Defendant. | Case No. 3:20-cv-00178-SLG |

## ORDER RE PLAINTIFF'S MOTION IN LIMINE

Before the Court at Docket 68 is Plaintiff Corinne Lindfors' *Motion in Limine re State Farm Expert Joanna Moore's Opinion as to State Farm Being "Reasonable" in Relying on "Opinions" of Sherry Dzurko as to There Being a Causation Issue*. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") responded in opposition at Docket 79, and Ms. Lindfors replied at Docket 83. Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

This litigation stems from a dispute between Ms. Lindfors and State Farm regarding insurance coverage for injuries Ms. Lindfors sustained in a January 2019 motor vehicle collision.[1] At the time, Ms. Lindfors had three automobile insurance

---

[1] *See* Docket 1-1.

policies from State Farm insuring three different vehicles,[2] each of which included underinsured motorist (UIM) coverage with limits of $250,000/person or $500,000/accident and "med pay" coverage in the amount of $25,000/person.[3] Ms. Lindfors notified State Farm of her med pay and UIM claims arising from the accident, which State Farm valued at $152,874.12.[4] Ms. Lindfors disagreed with this valuation decision and ultimately commenced an action against State Farm in the Superior Court for the State of Alaska on June 15, 2020, asserting breach of contract and first-party bad faith claims, and seeking recovery of compensatory, punitive, and consequential damages.[5] On July 24, 2020, State Farm removed the case to this Court on the basis of diversity jurisdiction.[6]

State Farm produced a report from its claims-handling expert, JoAnna Moore, in May 2021[7] and a supplemental version of that report in June 2021.[8] Ms. Moore's supplemental report contained a new reference to an April 7, 2020 claim file note written by Sherry Dzurko, a Specialist-Medical Resources ("SMR") who

---

[2] Docket 1-1 at 2, ¶¶ 5–6; Docket 6 at 2, ¶ 5.

[3] Docket 1-1 at 3, ¶ 7; Docket 6 at 3, ¶ 7.

[4] Docket 1-1 at 5, 6–7, ¶¶ 15, 20.

[5] Docket 1-1 at 11–17.

[6] Docket 1 at 2, ¶¶ 2–3.

[7] Docket 62-1 (Ex. 16).

[8] Docket 62-1 (Ex. 17).

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Plaintiff's Motion in Limine
Page 2 of 10
Case 3:20-cv-00178-SLG   Document 98   Filed 01/10/22   Page 2 of 10

assisted in the evaluation of Ms. Lindfors' claims.[9] State Farm's Auto Claims Manual provides that SMRs "are a resource to assist claim handlers with understanding medical information presented in [a] claim" and notes that "SMRs are not claim handlers and do not make claims decisions."[10] Ms. Dzurko's note provided medical information regarding thumb injuries and cervical/shoulder pain and listed the website OrthoInfo as her source.[11]

In describing Ms. Dzurko's claim file note, Ms. Moore wrote: "State Farm sought the assistance of a Claims Medical Review specialist, Sherry Dzurko, for review of the shoulder injury. . . . Her opinion was that the left shoulder did not appear to be related to the accident but that the accident may have caused an exacerbation of a prior degenerative shoulder condition."[12] Later in Ms. Moore's supplemental report, she opined that "[i]t was reasonable and appropriate for State Farm to enlist the help of expert assistance, first with [Ms. Dzurko], and most recently with the independent medical examiner in determining the origin of the left shoulder complaints."[13]

In the instant motion, Ms. Lindfors contends that the portions of Ms. Moore's expert opinion that reference Ms. Dzurko are not reliable expert testimony because

---

[9] Docket 62-1 at 30–31 (Ex. 17); *see also* Docket 69-8 at 1 (Ex. 28).

[10] Docket 69-7 at 1 (Ex. 27).

[11] Docket 69-8 at 2 (Ex. 28).

[12] Docket 62-1 at 29–30 (Ex. 17).

[13] Docket 62-1 at 31 (Ex. 17).

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Plaintiff's Motion in Limine
Page 3 of 10

Case 3:20-cv-00178-SLG   Document 98   Filed 01/10/22   Page 3 of 10

Ms. Moore ignored underlying issues with Ms. Dzurko's claim file note. She asks the Court to exclude "any mention of Dzurko's work or the opinions Moore draws from that work" at trial.[14]

## LEGAL STANDARD

Courts must exclude unreliable expert testimony.[15] Federal Rule of Evidence 702 provides the standard for the admissibility of such testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise, if:
>
> a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

The requirement that an expert's knowledge will help the jury "goes primarily to relevance,"[16] whereas the remaining requirements concern reliability. Expert opinion testimony is reliable "if the knowledge underlying it has a reliable basis in

---

[14] Docket 68 at 4.

[15] *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 598 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).

[16] *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010).

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Plaintiff's Motion in Limine
Page 4 of 10
Case 3:20-cv-00178-SLG   Document 98   Filed 01/10/22   Page 4 of 10

the knowledge and experience of the relevant discipline."[17]  This inquiry is "a flexible one" because there are many different kinds of expertise.[18]  For non-scientific testimony, "the relevant reliability concerns may focus upon personal knowledge or experience," as opposed to methodology.[19]

The proponent of expert testimony has the burden of establishing that the evidence is admissible by a preponderance of the evidence.[20]  However, "the trial court's role as gatekeeper is not intended to serve as a replacement of the adversary system."[21]  "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion."[22]  That is, "the judge is supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable.  The district court is not tasked with deciding whether the expert is

---

[17] *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013) (quoting *Primiano*, 598 F.3d at 565).

[18] *Kumho Tire Co.*, 526 U.S. at 150 (quoting *Daubert*, 509 U.S. at 594).

[19] *Id.* at 150; *see also Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1018 (9th Cir. 2004).

[20] *See Daubert*, 509 U.S. at 592 n.10 (citing Fed. R. Evid. 104(a)); *Lust ex rel. Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

[21] *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cnty., State of Miss.*, 80 F.3d 1074, 1078 (5th Cir. 1996).

[22] *Primiano*, 598 F.3d at 564; *see also Daubert*, 509 U.S. at 595.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Plaintiff's Motion in Limine
Page 5 of 10
Case 3:20-cv-00178-SLG   Document 98   Filed 01/10/22   Page 5 of 10

right or wrong, just whether [her] testimony has substance such that it would be helpful to a jury."²³

## DISCUSSION

Ms. Lindfors asks that Ms. Moore's "June 14, 2021 opinions as to Dzurko in their entirety be disallowed in the presence of the jury," contending that it is an "illegitimate expert opinion[] that will not 'assist' the jury" for several reasons.²⁴ First, Ms. Lindfors notes that "State Farm's written policy and practice [is] that an SMR [is] to be a source of general medical information" and that State Farm's Auto Claims Manual does not state that SMRs are intended to give opinions on causation.²⁵ She contends that Ms. Moore did not "read the Auto Claims Manual's express limits on the use of SMRs" and "spun a tale that Dzurko was an 'expert,' with no factual basis for that assumption."²⁶ Second, Ms. Lindfors provides a detailed comparison of the contents of the Orthoinfo website with the wording of Ms. Dzurko's claim file note, concluding that Ms. Dzurko "deliberately interjected her own unqualified and subjective opinions under the guise of summarizing the Orthoinfo website."²⁷ She asserts that Ms. Moore ignored the fact that "Dzurko

---

²³ *Alaska Rent-A-Car*, 738 F.3d at 969–70; *see also Primiano*, 598 F.3d at 564 ("[T]he test under *Daubert* is not the correctness of the expert's conclusions but the soundness of his methodology." (alteration in original) (quoting *Daubert*, 43 F.3d at 1318)).

²⁴ Docket 68 at 4, 18.

²⁵ Docket 68 at 9 (emphasis omitted).

²⁶ Docket 68 at 17.

²⁷ Docket 68 at 14–16.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Plaintiff's Motion in Limine
Page 6 of 10
Case 3:20-cv-00178-SLG Document 98 Filed 01/10/22 Page 6 of 10

inserted medical premises to cobble together speculation on causation that was not contained in the only shoulder-related website she considered."[28]  Finally, Ms. Lindfors contends that Ms. Moore "ignored that Dzurko admitted to not reviewing all the medical records."[29]  Given the above, Ms. Lindfors asserts, Ms. Dzurko's claim file note "is not the sort of information reasonably relied on by experts in the field."[30]

State Farm responds that "the limited issue raised regarding Ms. Moore's opinions, specifically her discussion of a log note entry by Sherry Dzurko, goes to the weight to be accorded Ms. Moore's opinions, not their admissibility."[31]  The insurer notes that Ms. Lindfors does not challenge Ms. Moore's expert qualifications or the relevance of her testimony.[32]  State Farm maintains that Ms. Moore's opinion was based on more than Ms. Dzurko's work but asserts that, regardless, Ms. Lindfors' complaints "do not establish that Ms. Moore's opinions based on the Dzurko file note are so unreliable that they must be excluded."[33]

---

[28] Docket 68 at 17.

[29] Docket 68 at 17.

[30] Docket 68 at 16.

[31] Docket 79 at 2.

[32] Docket 79 at 4.

[33] Docket 79 at 4–5; *see also* Docket 80 at 4, ¶ 18 (Moore Aff.) ("My opinions regarding State Farm's handling of the UIM claim are premised on substantially more than just Ms. Dzurko's log note regarding the left shoulder.").

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Plaintiff's Motion in Limine
Page 7 of 10

Ms. Lindfors replies that "State Farm makes no attempt whatsoever to explain or justify the premise or basis for JoAnna Moore's opinion which is the subject of this motion," again describing Ms. Moore's opinion as "premised on Sherry Dzurko."[34] Further, she contends that Ms. Moore's qualifications may lead to prejudice because the jury will be more likely to accept Ms. Moore's allegedly improper conclusions given her experience, even if rebutted by cross-examination or contrary evidence.[35]

The Court will not limit Ms. Moore's testimony in the manner Ms. Lindfors suggests. In *Hangarter v. Provident Life & Accident Insurance Co.*, the Ninth Circuit considered whether the district court abused its discretion in admitting expert testimony regarding "claims adjustment standards in the context of an insurance bad faith claim."[36] The court characterized that expert's testimony as non-scientific testimony, the reliability of which is "not contingent upon a particular methodology or technical framework."[37] Given that, the court held that the district court did not abuse its discretion in "finding [the expert's] testimony reliable based on his knowledge and experience."[38] The expert's experience included 25 years

---

[34] Docket 83 at 3.

[35] Docket 83 at 4 ("[T]he fact that Moore is so 'experienced' just highlights how the jury could be misled unless Moore's opinion built on false premises is not 'stopped' at the gate.").

[36] *Hangarter*, 373 F.3d at 1015–18.

[37] *Id.* at 1018.

[38] *Id.*

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Plaintiff's Motion in Limine
Page 8 of 10
Case 3:20-cv-00178-SLG   Document 98   Filed 01/10/22   Page 8 of 10

working for insurance companies and as an independent consultant, training on claims adjustment, and previous expert testimony on insurance practices and industry standards.[39]

Like the testimony in *Hangarter*, Ms. Moore's testimony is not contingent upon a particular methodology or technical framework—rather, its reliability depends upon Ms. Moore's "personal knowledge or experience."[40] Ms. Moore possesses "experience, training, and education" similar to that of the expert in *Hangarter*.[41] She has over three decades of experience in claims handling and claims oversight; she possesses an associate degree in General Insurance; and she has testified as an expert witness in several cases concerning insurance claims handling.[42] On this record, the Court finds that Ms. Moore has sufficient personal knowledge and experience to provide a sufficiently reliable foundation for her opinions.[43] To the extent Ms. Lindfors believes that Ms. Moore mischaracterized Ms. Dzurko's role or failed to identify problems with Ms. Dzurko's research process and conclusions, those issues can be addressed through cross-examination of Ms. Moore and other State Farm witnesses, as well as the presentation of contrary evidence.

---

[39] *Id.* at 1015–16.

[40] *See* Docket 62-1 (Ex. 17); *Kumho Tire Co.*, 526 U.S. at 150.

[41] *Hangarter*, 373 F.3d at 1018.

[42] Docket 80 at 2–3, ¶¶ 3–12 (Moore Aff.).

[43] *See Kumho Tire Co.*, 526 U.S. at 150.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Plaintiff's Motion in Limine
Page 9 of 10
Case 3:20-cv-00178-SLG   Document 98   Filed 01/10/22   Page 9 of 10

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion in Limine at Docket 68 is DENIED as set forth herein.

DATED this 10th day of January, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Plaintiff's Motion in Limine
Page 10 of 10
Case 3:20-cv-00178-SLG   Document 98   Filed 01/10/22   Page 10 of 10