# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

CORINNE LINDFORS,

          Plaintiff,

    v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

          Defendant.

Case No. 3:20-cv-00178-SLG

## ORDER RE PENDING MOTIONS RE TESTIMONY OF PLAINTIFF'S TREATING HEALTH CARE PROVIDERS

Before the Court are two related motions: (1) Defendant State Farm Mutual Automobile Insurance Company's ("State Farm's") *Motion to Limit Testimony of Plaintiff's Treating Health Care Providers* at Docket 93;[1] and (2) Plaintiff Corinne Lindfors' *Alternative Motion for Lesser Sanctions Should Plaintiff's Opposition to the Motion at Docket 93 Not Persuade the Court to Simply Deny Docket 93* at Docket 109.[2] Oral argument was not requested for either motion and was not necessary to the Court's determination.

---

[1] Ms. Lindfors responded in opposition at Docket 108, and State Farm replied at Docket 128.

[2] State Farm responded in opposition at Docket 128, and Ms. Lindfors replied at Docket 141.

## BACKGROUND

The factual background of this case has been set forth in more detail in the Court's September 30, 2021 order at Docket 87 and December 28, 2021 order at Docket 94. The Court assumes familiarity here.

As relevant here, the Court's Scheduling and Planning Order dated August 26, 2020 set the deadline for disclosure of expert witnesses as March 19, 2021, the deadline to exchange reports as April 30, 2021, and the deadline to complete expert discovery as August 2, 2021.[3] The parties subsequently agreed to extend the deadline for expert reports and rebuttal reports to May 25, 2021 and June 15, 2021, respectively.[4]

Ms. Lindfors filed her Retained Expert Witness Disclosure on March 19, 2021, identifying Stephen L. Strzelec, Stephen Colt, and "[a]ll experts needed at trial to rebut the claims of expert witnesses identified by Defendant" as retained experts.[5] In addition, Ms. Lindfors filed her Non-Retained Expert Witness Disclosure on the same day, listing Dr. Joseph Hawkins, Dr. Michael Montano, Jeffrey Porter, and "[a]ll health care providers needed at trial to rebut the claims of any expert witness identified by Defendant disputing the extent of [Ms. Lindfors']

---

[3] Docket 5 at 4.

[4] *See* Docket 93-1 at 1 (Ex. A).

[5] Docket 93-2 (Ex. B).

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Pending Motions re Testimony of Plaintiff's Treating Health Care Providers
Page 2 of 12

bodily injuries, causation, or [Ms. Lindfors'] prognosis."[6]  Regarding Dr. Hawkins, the disclosure provided:

> Dr. Hawkins is expected to testify that Mrs. Lindfors complained about her shoulder following the motor vehicle, but he chose to first focus on addressing how she fractured her neck during the side-impact collision and ordered further tests.  Dr. Hawkins is expected to testify about the injuries Mrs. Lindfors sustained in the auto accident as addressed in this providers records.

Regarding Dr. Montano, the disclosure provided: "Dr. Montano is expected to testify as to what injuries Mrs. Lindfors sustained in the motor vehicle accident, how they were caused by the accident, her course of treatment over time, including the need for her surgeries, her need for PT, and her prognosis."[7]  And regarding Mr. Porter, the disclosure provided: "Mr. Porter is expected to testify as to the physical therapy Mrs. Lindfors underwent as a result of the injuries she sustained in the accident and her necessary medical care, including but not limited to her complaints of shoulder pain and extensive therapy before and after her thumb and shoulder surgeries."[8]  Ms. Lindfors has not supplemented her non-retained expert disclosure.

State Farm filed its motion at Docket 93 on December 21, 2021, requesting that the Court "limit the testimony of [Ms. Lindfors'] treating health care providers to testimony as to their treatment of [Ms. Lindfors] only" and "preclude them from

---

[6] Docket 93-3 at 2.

[7] Docket 93-3 at 2.

[8] Docket 93-3 at 3.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Pending Motions re Testimony of Plaintiff's Treating Health Care Providers
Page 3 of 12

Case 3:20-cv-00178-SLG   Document 148   Filed 04/08/22   Page 3 of 12

offering expert opinion testimony on causation or future prognosis or reasonableness of medical charges."[9]

## LEGAL STANDARD

Treating physicians are typically not considered expert witnesses but rather "percipient witness[es] of the treatment [they] rendered."[10]   However, when a treating physician is expected to present testimony on matters beyond treatment, "the proponent of the testimony must comply with Rule 26(a)(2)."[11]  Federal Rule of Civil Procedure 26(a)(2), which governs the disclosure of expert testimony, states that a litigant "must disclose to the other parties the identity of any witnesses it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  Expert witnesses that are not retained for that purpose are not required to provide a written report with all the information required by Rule 26(a)(2)(B). Nonetheless, for non-retained experts, a litigant must disclose: "(i) the subject matter on which the witness is expected to present [expert testimony]; and (ii) a summary of the facts and opinions to which the witness is expected to testify."[12]

Federal Rule of Civil Procedure 37(c), in turn, provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the

---

[9] Docket 93 at 1.

[10] *See Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 824 (9th Cir. 2011).

[11] *Id.* at 820.

[12] Fed. R. Civ. P. 26(a)(2)(C).

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Pending Motions re Testimony of Plaintiff's Treating Health Care Providers
Page 4 of 12

Case 3:20-cv-00178-SLG   Document 148   Filed 04/08/22   Page 4 of 12

party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."[13] "The burden to prove harmlessness is on the party seeking to avoid Rule 37's exclusionary sanction."[14] Even if a court determines that the exclusionary sanction applies, "on motion and after giving an opportunity to be heard," a court may elect to order different sanctions in addition to or instead of the exclusion sanction, including "order[ing] payment of the reasonable expenses, including attorney's fees, caused by the failure" or "impos[ing] other appropriate sanctions."[15] If the evidence subject to exclusion under Rule 37 is "case-dispositive" and the noncompliant party moves for an alternative sanction, "a district court must consider (1) 'whether the claimed noncompliance involved willfulness, fault, or bad faith' and (2) 'the availability of lesser sanctions.'"[16]

## DISCUSSION

State Farm requests that Ms. Lindfors' treating health care providers be precluded from offering expert opinion testimony on causation, future prognosis, and reasonableness of medical charges if those subjects are not addressed in their chart notes, reasoning that Ms. Lindfors did not provide a summary of the facts or

---

[13] Fed. R. Civ. P. 37(c)(1).

[14] *Goodman*, 644 F.3d at 827.

[15] Fed. R. Civ. P. 37(c)(1)(A), (C). State Farm is thus incorrect in its assertion that Rule 37(c) "*requires* entry of [an exclusion] order" if applicable. *See* Docket 93 at 5 (emphasis added).

[16] *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740–41 (9th Cir. 2021) (quoting *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246–48 (9th Cir. 2012)).

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Pending Motions re Testimony of Plaintiff's Treating Health Care Providers
Page 5 of 12

Case 3:20-cv-00178-SLG   Document 148   Filed 04/08/22   Page 5 of 12

and opinions expected to be presented by her treating providers as required under Rule 26(a)(2)(C)(ii).[17]  The insurer explains that Ms. Lindfors' May 19 disclosures were "simply a generic recitation of subject matters and not a disclosure of the actual opinions of any particular treating health care provider."[18]  Moreover, while State Farm acknowledges that Ms. Lindfors' treating health care providers may provide testimony regarding causation to the extent their chart notes demonstrate that their determinations were formed during treatment,[19] it maintains that "the chart notes of all three of the treating health care providers . . . are bereft of any disclosure on causation, prognosis, limitations etc." and rather "simply record[] what [Ms. Lindfors'] subjective complaints were."[20]

State Farm maintains that this failure to disclose was not substantially justified or harmless, suggesting that allowing Ms. Lindfors' treating health care providers to provide expert opinion testimony on matters beyond their treatment would entail "unfair surprise" and "the imposition of undue discovery costs."[21]  The insurer notes that "[d]isruption to the schedule of the court and other parties . . . is

---

[17] Docket 93 at 2, 4–5.

[18] Docket 128 at 2.

[19] Docket 128 at 6 ("If a treating health care provider is called who has actually disclosed an opinion on causation in their chart notes, . . . that is a different issue."); *see Goodman*, 644 F.3d at 825–26; *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 869–70 (6th Cir. 2007); *Luttrell v. Novartis Pharms. Corp.*, 894 F. Supp. 2d 1324, 1332 (E.D. Wash. 2012).

[20] Docket 128 at 6.

[21] Docket 128 at 5.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Pending Motions re Testimony of Plaintiff's Treating Health Care Providers
Page 6 of 12

Case 3:20-cv-00178-SLG   Document 148   Filed 04/08/22   Page 6 of 12

not harmless" and suggests that allowing late disclosures here would disrupt the schedule in this litigation because it would likely require reopening discovery.[22] Thus, State Farm asserts that Rule 37(c) "mandates" limiting the testimony of Ms. Lindfors' health care providers, pointing to previous orders from the District of Alaska and other courts excluding similar evidence when the plaintiffs did not adequately summarize the facts and opinions forming the basis of their treating physicians' anticipated expert testimony.[23]

Ms. Lindfors responds that her May 19, 2021 disclosures were sufficient to permit her treating health care providers to offer expert opinion testimony regarding causation and future prognosis.[24] In the alternative, she maintains that exclusion under Rule 37(c)(1) is not warranted because her noncompliance was substantially justified and harmless.[25] She contends that she "made her very detailed disclosures" in a March 11, 2020 demand letter authored by her attorney and in subsequent communications with State Farm, stating that "[s]he has been

---

[22] Docket 128 at 11 (quoting *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005)). When State Farm filed the instant motion on December 21, 2021, trial was set for February 22, 2022—just over two months later. *See* Docket 14 (Trial Scheduling Order). Trial is now set to commence on July 25, 2022. *See* Docket 136 (Am. Trial Scheduling Order).

[23] Docket 93 at 5 (citing *Tanner v. State Farm*, Case No. 3:19-cv-00253-SLG (D. Alaska Feb. 19, 2021) (Order re Motion to Limit Testimony of Plaintiff's Treating Health Care Providers); *Thogmartin v. State Farm Mut. Auto. Ins. Co.*, Case No. 3:19-cv-00252-JMK (D. Alaska Nov. 16, 2020) (Order Regarding Pending Motions *In Limine*)); Docket 128 at 2–4 (citing *Alfaro v. D. Las Vegas, Inc.*, Case No. 2:15-cv-02190, 2016 WL 4473421 (D. Nev. Aug. 24, 2016)).

[24] Docket 108 at 6–9.

[25] Docket 108 at 9.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Pending Motions re Testimony of Plaintiff's Treating Health Care Providers
Page 7 of 12

Case 3:20-cv-00178-SLG   Document 148   Filed 04/08/22   Page 7 of 12

transparent about how she read . . . her medical records and what they said about causation and prognosis."[26]  State Farm replies that these communications do not cure Ms. Lindfors' noncompliance with Rule 26 because they "simply recite and quote what plaintiff's subjective complaints were" and "cite to the exact same records that do not contain any opinions regarding causation or prognosis."[27]  Ms. Lindfors also asserts that State Farm should have known that she planned to rely on Dr. Montano to prove causation because the physician State Farm hired to conduct an Independent Medical Examination ("IME"), Dr. Hofmeister, reviewed Dr. Montano's records and ultimately concluded that the auto accident was the cause of or a "substantial factor" in causing Ms. Lindfors' left thumb, right thumb, and left shoulder injuries.[28]

Further, Ms. Lindfors requests at Docket 109 that the Court, if persuaded that sanctions are warranted under Rule 37(c)(1), impose the lesser sanction of allowing State Farm to depose Dr. Montano rather than precluding Dr. Montano from offering expert opinion testimony on matters beyond his treatment of Ms. Lindfors.[29]  She adds that she "should only have to be responsible for the surgeon's deposition witness fee, not State Farm's costs as State Farm originally put Dr.

---

[26] Docket 108 at 9, 11–14.

[27] Docket 128 at 6–8 (citing Docket 108-1 at 28 (Ex. 60); Docket 93-3).

[28] Docket 108 at 10, 12–14.

[29] Docket 109 at 1–2; *see also* Docket 108 at 19–20.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Pending Motions re Testimony of Plaintiff's Treating Health Care Providers
Page 8 of 12

Case 3:20-cv-00178-SLG   Document 148   Filed 04/08/22   Page 8 of 12

Montano on its Preliminary Witness List, and simply chose not to depose Dr. Montano for its own tactical reasons."[30]  Ms. Lindfors suggests that it would be unnecessary for State Farm to depose Mr. Porter because Dr. Montano ordered the physical therapy performed by Mr. Porter and thus "is already familiar with the PT records."[31]  State Farm responds that Ms. Lindfors' suggested lesser sanction is unacceptable because it would "shift the responsibility to State Farm to depose doctors, at substantial cost, to find out what the opinions are that [Ms. Lindfors] is required to disclose" and "allowing this type of 'cure' long after discovery has closed simply would serve to reward [Ms. Lindfors] for not meeting her obligations under the Federal Civil Rule 26."[32]

The Court finds that Ms. Lindfors failed to adequately disclose anticipated expert opinion testimony from her treating health care providers as required by Rule 26.  Despite broadly describing the subject matter of their testimony, she did not summarize the actual facts and opinions on which she expected them to testify. For example, her disclosure for Dr. Montano simply states that he is expected to testify regarding Ms. Lindfors' "prognosis" but does not provide any substantive information about what he believes that prognosis to be.[33]

---

[30] Docket 109 at 20.

[31] Docket 108 at 20.  It is unclear whether Ms. Lindfors believes that Mr. Porter should nonetheless be permitted to testify to matters outside treatment, or whether she is only requesting that a lesser sanction be imposed with regard to Dr. Montano's testimony.

[32] Docket 128 at 10.

[33] *See* Docket 93-3 at 2.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Pending Motions re Testimony of Plaintiff's Treating Health Care Providers
Page 9 of 12

Case 3:20-cv-00178-SLG   Document 148   Filed 04/08/22   Page 9 of 12

Ms. Lindfors has not met her burden to show that her noncompliance was substantially justified or harmless. She failed to make adequate disclosures before the deadline to do so and has not supplemented her disclosures in the time since; thus, allowing her treating health care providers to testify regarding matters beyond their treatment would either surprise State Farm with testimony that is not apparent from the record or, if State Farm deposes the providers, would disrupt the schedule set for this litigation and cause State Farm to incur additional costs. While State Farm was certainly on notice of *Ms. Lindfors'* opinions regarding causation and prognosis, Ms. Lindfors' demand letter and other communications did not apprise State Farm of the specific facts and opinions held by her treating health care providers. Nor does the fact that Dr. Hofmeister reviewed Dr. Montano's records when conducting his IME mean that State Farm was on notice of the facts and opinions to which Ms. Lindfors expects Dr. Montano will testify—Dr. Hofmeister's conclusions regarding causation were his own opinions drawn from medical records, not a recitation of Dr. Montano's opinions. Given that Ms. Lindfors' noncompliance was not substantially justified or harmless, expert opinion testimony from her treating health care providers on matters beyond their treatment may be subject to exclusion under Rule 37.

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Pending Motions re Testimony of Plaintiff's Treating Health Care Providers
Page 10 of 12

Case 3:20-cv-00178-SLG   Document 148   Filed 04/08/22   Page 10 of 12

For purposes of this order, the Court assumes, as the parties appear to,[34] that the evidence subject to exclusion under Rule 37 may be "case-dispositive."[35] Thus, because Ms. Lindfors has moved for an alternative sanction, the Court must consider: (1) "whether the claimed noncompliance involved willfulness, fault, or bad faith" and (2) "the availability of lesser sanctions."[36] Here, Ms. Lindfors' noncompliance does not appear to have involved willfulness or bad faith—more likely, the error stemmed from confusion regarding federal expert disclosure requirements, as the equivalent Alaska state court rule does not require this type of disclosure for non-retained experts.[37] Further, a lesser sanction—allowing State Farm to depose Dr. Montano—is available. Particularly given that trial has recently been moved and is currently set for July 25, 2022,[38] this sanction should allow State Farm sufficient time to implement any desired changes to its trial strategy following Dr. Montano's deposition.

Thus, instead of exclusion, the Court orders the alternative sanction of allowing State Farm to depose Dr. Montano for one hour at Ms. Lindfors' expense,

---

[34] *See* Docket 108 at 5; Docket 108-1 at 2, ¶ 3 (Fannon Aff.); Docket 108-1 at 5 (Ex. 56) (Jan. 5, 2022, 2:25 PM, Email from Kimberlee A. Colbo to Myron Angstman, Joshua Fannon, Michelle L. Garner & Iona R. Gold) ("Given you and your co-counsel's failure to timely disclose non-retained expert testimony, I believe it is highly likely you will not be able to establish that, to a reasonable medical certainty, the injuries your client is claiming were caused by the accident.").

[35] *See Merchant*, 993 F.3d at 740–41.

[36] *Id.* (quoting *R & R Sails*, 673 F.3d at 1246–48).

[37] *See* Alaska R. Civ. P. 26(a)(2).

[38] Docket 136 (Am. Trial Scheduling Order).

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Pending Motions re Testimony of Plaintiff's Treating Health Care Providers
Page 11 of 12

Case 3:20-cv-00178-SLG   Document 148   Filed 04/08/22   Page 11 of 12

arranged at a mutually convenient time **within 30 days of the date of this order**.

Ms. Lindfors must also pay State Farm's fees for two hours of attorney work—one hour for deposition preparation and one hour for conducting the deposition itself. The attorney's fees will be awarded at the current hourly rate of State Farm's counsel as of the date of this order and will be paid as either a debit or credit included in the final judgment to be entered at the conclusion of this litigation. This sanction will remedy Ms. Lindfors' noncompliance with the expert disclosure requirements for Dr. Montano; however, Ms. Lindfors' other treating health care providers, Mr. Porter and Dr. Hawkins, will each be limited to testifying solely with respect to their treatment of Ms. Lindfors as reflected in their treatment records.

## CONCLUSION

State Farm's motion at Docket 93 is DENIED in part and GRANTED in part, and Ms. Lindfors' motion at Docket 109 is DENIED in part and GRANTED in part, as set forth herein.

DATED this 8th day of April, 2022 at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

Case No. 3:20-cv-00178-SLG, *Lindfors v. State Farm*
Order re Pending Motions re Testimony of Plaintiff's Treating Health Care Providers
Page 12 of 12

Case 3:20-cv-00178-SLG   Document 148   Filed 04/08/22   Page 12 of 12